## Coleman v. Commonwealth.

(Decided October 6, 1914.)

Appeal from Todd Circuit Court.

1. **Criminal Law—Indeterminate Sentence.—**Where an offense or crime was committed before the indeterminate sentence law of 1914 went into effect, and while the indeterminate act of 1910 was in force, sentence should be pronounced under the act of 1910, although the indictment was found and the trial had after the act of 1914 went into operation.

2. **Criminal Law—New Law Mitigating Punishment.—**Under section 465 of the Kentucky Statutes if a new law certainly mitigates the punishment that might have been inflicted for an offense at the time it was committed, then with the consent of the defendant, judgment may be pronounced under the new law.

S. WALTON FORGY for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant was indicted on March 27, 1914, for violating section 1960 of the Kentucky Statutes, by operating a gambling game. The offense for which he was indicted was committed in December, 1913. On his trial in July, 1914, he was found guilty by the jury and his punishment assessed by the court at a fine of $500 and confinement in the penitentiary for an indeterminate period of not less than one nor more than three years, and he was further, by the judgment disqualified from exercising the right of suffrage and from holding any office of trust or profit in the State.

The statute under which the prosecution was had provides that any person found guilty "shall be fined five hundred dollars and costs, and confined in the penitentiary not less than one nor more than three years; shall be deemed infamous after conviction, and be forever thereafter disqualified from exercising the right of suffrage, and from holding any office of honor, trust or profit, whether it be State, county, city or municipal." The judgment of the court was in the exact words of the statute, except that in place of fixing the confinement for a definite period, as should have been done before the passage of the indeterminate sentence law, the judgment found that the defendant should be confined an indefinite

period of not less than one nor more than three years.

On this appeal the only ground urged for reversal is that the jury and not the judge should have assessed the punishment. The argument advanced in support of this assigned error is that as the indictment was found and the trial had after the indeterminate sentence law of 1914 had become effective, that act and not the indeterminate sentence law of 1910, which was in force when the offense was committed, should control the punishment.

The indeterminate law of 1910 (Acts 1910, page 22) provided that in felony cases where degrees of punishment might be inflicted, the jury, if they agreed upon conviction, should only find the defendant guilty, and after such verdict "the court trying said offender shall pronounce upon such person an indeterminate sentence of imprisonment in the penitentiary for a term, stating in such sentence and judgment the minimum and maximum limits thereof and fixing as the minimum time of such imprisonment the term now or hereafter prescribed by law as the minimum term of imprisonment for the punishment of the offense stated in the verdict and as the maximum time of such imprisonment the term now or hereafter prescribed by law as the maximum term of imprisonment for the punishment of such offense."

The Act of 1914 (Acts 1914, page 82), provides that "if the jury find the defendant guilty, they shall fix and render against the defendant an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in such verdict the minimum and maximum limits thereof, but the said minimum time shall not be less than the minimum time, nor the maximum time greater than the maximum time, of imprisonment prescribed by law for the punishment of the offense stated in the verdict and, as the maximum time of imprisonment, the term now or hereafter prescribed by law as the maximum term of imprisonment for the punishment of such offense, and thereupon the court shall render a judgment in conformity with such verdict."

It will be observed that these acts differ from each other in two particulars. By the act of 1910 the judge pronounced the indeterminate sentence and was obliged, where the statute fixed a minimum and a maximum punishment, to adjudge that the accused should be imprisoned for a term of not less than the minimum term

fixed by statute nor greater than the maximum term fixed by statute. Under the act of 1914 the jury fixes the indeterminate sentence and may fix a minimum sentence at any period not less than the minimum time prescribed by law nor greater than the maximum time prescribed by law. As further illustrating the difference between the two acts, in the case we have the minimum sentence that the court had the right to impose upon the appellant, under the act of 1910, was one year, and the maximum three years; while under the act of 1914 the jury might have fixed the minimum sentence at two years, although the maximum could not exceed three years.

If we should assume, therefore, that a prisoner sentenced for an indeterminate period would have the right to apply for a discharge when he had served the minimum sentence, it is manifest that it would be to his interest to be sentenced under the act of 1910 rather than the act of 1914. This being the condition of the two acts, we do not perceive how the appellant would have been benefited by having the jury fix his punishment under the' act of 1914 rather than the judge under the act of 1910, except that under the act of 1914 the jury might have fixed a less maximum term than three years; but they could not have fixed a less minimum term, and it is the minimum term rather than the maximum term that was intended to benefit the prisoner.

Counsel for appellant also argue that the accused was entitled, under section 465 of the Statutes, to have his punishment fixed under the act of 1914. This section provides in part that "if any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

But this provision of the statute does not help appellant, because the punishment imposed by the statute under the procedure of 1910 was not certainly mitigated by the act of 1914. As pertinent to this point we may quote from Cockerell v. Commonwealth, 115 Ky., 296, the following:

"It will be observed that, though the amendment in question mitigates the punishment provided in the original statute by reducing the fine that was imposed thereby, it allows the jury, in addition to or in lieu of the fine of not less than $60 nor more than $100, to inflict upon

the offender against the local option law imprisonment in the county jail not less than 10 nor more than 40 days. In view of the imprisonment that may be imposed under the statute as amended, and which was not permitted to be inflicted under the former statute, it may well be doubted whether the new law mitigates the punishment provided by the former statute. At any rate, it can not be said that the appellant was prejudiced by the failure of the lower court to instruct the jury to inflict the penalty found in the amendment or new law, as that could not have been done without the consent of appellant, and such consent is not disclosed by the record.''

We are further of the opinion that that part of section 465 quoted only applies to states of case in which the penalty, forfeiture, or punishment is definitely mitigated by the provisions of the new law, and that when it is so mitigated the defendant can only avail himself of its provisions by consenting that judgment may be pronounced under the new law. In this case the new law did not definitely mitigate the old, nor did the defendant consent on the record to have the punishment fixed under the new law.

A question analogous to that made by counsel for appellant was raised in Stewart v. Commonwealth, 141 Ky., 522, and decided adversely to the views of appellant. In that case Stewart was indicted after the indeterminate sentence law of 1910 went into effect for an offense committed before it became effective. He was convicted and his punishment fixed under the indeterminate sentence law. On appeal he complained of this and insisted that punishment should have been assessed under the law and procedure in force when the crime was committed. The court sustained this contention and said: ''The indeterminate sentence statute applies only to such prosecutions where the offense is committed since the act became effective.'' To the same effect are Dial v. Commonwealth, 142 Ky., 32; Miller v. Commonwealth, 154 Ky., 201; Hunn. v. Commonwealth, 143 Ky., 143.

We think the principle announced in these cases should be applied here. Confusion and uncertainty will be avoided when the statute in force when the offense is committed is followed, as it should be, unless the punishment is definitely mitigated by the new law and the accused consents, as provided in section 465, that judgment may be pronounced under the new law.

The judgment is affirmed.