302 So.2d 569

**Tommy Frank HARE, alias**

**v.**

**STATE.**

**5 Div. 253.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

J. Wilson Dinsmore, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Possession of heroin; $25,000.00 fine; fifteen year sentence.

On May 15, 1972, Tommy Frank Hare was arrested and taken to the Lee County Sheriff's office for "booking." Detective Fred Davis of the Opelika Police Department testified that appellant was taken to a small room in the Sheriff's office to change into white coveralls worn by prisoners. As appellant removed his trousers, a blue plastic cover that is used on the needle of a syringe fell to the floor. Appellant placed his foot next to the cover, but was told to step back. Detective Davis further stated:

"Mr. Hare stepped back and he was told then he might as well give us the rest of it 'cause we're going to get it anyway. And he immediately said, 'Okay, I'll give it to you.' And he, with his right hand reached in beneath his, inside his shorts and the rear area, and pulled out a syringe and put it on the table right where we were standing. I picked the syringe up and it had a liquid substance in it, a little reddish-looking substance, so I handed it to Detective Davis, Dan Davis.

"I turned around and went back to Mr. Hare and started talking with him. I say, 'Now, you know this will probably be another charge.' And he said, 'I know. I know it.' And I advised him of his rights then and he, by this time, had his shorts off and I looked at the shorts. They were white and there was a reddish-looking spot, small spot, in the groin area and it looked fresh."

"Needle marks" were observed by Detective Dan Davis on the groin area of appellant's body and on his arm.

Taylor Noggle, State Toxicologist, testified that the syringe contained between five or ten drops or less than one milligram of the reddish substance, and his analysis revealed it to be heroin. He further stated his examination consumed all the liquid in the syringe.

Appellant contends his right to a fair trial was violated when he was "not permitted by the trial court to ask the State Toxicologist if the quantity of heroin found on the defendant's person was large enough to be of any useful purpose commonly made of heroin." He further asserts that the court erred in refusing "to instruct the jury that possession of a useless quantity of narcotic substance, for either sale or consumption or for other such like purpose, is insufficient proof of possession."

The Alabama Uniform Controlled Substances Act, Title 22, § 258(47), Code of Alabama 1940, Recompiled 1958, provides that:

"(a) Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains, or attempts to obtain by fraud, deceit, misrepresentation, or subterfuge, or by the forgery or alteration of a prescription or written order, or by the concealment of material fact, or by use of false name or giving a false address, controlled substances enumerated in schedules I, II, III, IV, [and] V is guilty of a felony . . ."

As to the quantity of a prohibited substance necessary for a possession conviction, Judge Price made this determination in Schenher v. State, 38 Ala.App. 573, 90 So.2d 234:

"Under the statute the quantity of the narcotic drug possessed is immaterial.

**598**

The possession of any amount contrary to the provisions of the act is a violation of the law."

Although the statute referred to by Judge Price has been supplanted by the Alabama Uniform Controlled Substances Act, we feel her reasoning on this issue is applicable to the facts before us. Under Title 22, § 258(47)(a), it is unlawful to possess heroin. The quantity of the drug possessed is immaterial. It is the possession that is denounced by this statute.

No error appears in the record.

Affirmed.

All the Judges concur.