**Vikki Y. MORRISON, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Nov. 3, 1980.

Garis L. Pruitt, Ashland, for movant.

Steven L. Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

AKER, Justice.

The movant, Vikki Y. Morrison, was convicted in Boyd Circuit Court pursuant to KRS 218A.140(4)(a) for attempting to obtain a Schedule II narcotic by use of a forged prescription, and fined $3000.00. The Court of Appeals affirmed. We granted discretionary review, and reverse.

Morrison questions the instructions under which she was convicted which allowed the jury to convict her if she "knew or could have known" that the prescription was forged. While KRS 218A.140(4)(a) does not include a mental state as an element of the offense, a reading of the statute obviously indicated that knowledge is necessary to sustain a conviction under this section. However, when the trial court included the phrase "could have known" in the instructions to the jury, the instructions became fatally defective. The phrase "could have known" is too nebulous and all–inclusive and there is no conceivable way that its inclusion could be justified under the statute.

Morrison also contends that the trial court erred in permitting the prosecution to elicit testimony regarding her silence at the time of her arrest. This causes us some concern and we trust that it will not be repeated upon the retrial of this case.

Morrison further submits that she should have been granted a directed verdict of acquittal because of insufficiency of the evidence. We have reviewed the entire record and the appropriate law and conclude that the evidence was sufficient to submit the case to the jury.

For the foregoing reasons, the decision of the Court of Appeals and the judgment of conviction of the Boyd Circuit Court are reversed with directions to grant Morrison a new trial.

All concur except STEPHENS, J., who did not sit.