Robert L. PURDY, Appellant,

v.

Carol M. PALMORE (Secretary, Labor Cabinet, Special Fund); Peabody Coal Company (Island Creek Coal Company); and Workers' Compensation Board, Appellees.

No. 89–SC–594–DG.

Supreme Court of Kentucky.

April 26, 1990.

C. Terry Earle, Earle & Baird, Greenville, for appellant.

Cathy Utley Costelle, Louisville, for appellee Special Fund.

William P. Swain, William M. Newman, Jr., Louisville, for appellee, Peabody Coal Co. (Island Creek Coal Co.).

Glenn L. Schilling, Dept. of Workers' Claims, Frankfort, for appellee, Workers' Compensation Bd.

COMBS, Justice.

We granted discretionary review of this workers compensation case long before we rendered our opinion in the case of *Vessels v. Brown–Forman Distillers Corporation and Workers' Compensation Board,* 37 K.L.S. 3 (3/21/90).

Appellant is a sixty-three year old coal miner with a fifth grade education who has spent more than thirty years in the mining industry. On June 23, 1982, while attempting to move a large rock he experienced pain in his low back which radiated into his legs. Appellant has been unable to work since the date of the accident. The application of the Act, employer-employee relationship, due and timely notice, and average weekly wage sufficient to justify a maximum award were stipulated. It was also stipulated that appellant was not paid any temporary total disability benefits, but that the defendant-employer paid medical expenses through the date of the hearing totalling $4,522.06. It was further stipulated that appellant was last paid medical expenses on June 26, 1985. Appellant filed his claim with the Workers' Compensation Board on August 29, 1985, a little more than three years after his injury, but within two months and three days of the employer's acknowledged payment of medical expenses.

At the time of appellant's accident in June of 1982, KRS 342.185 provided, in relevant part, as follows:

If payments of *compensation* as such have been made voluntarily the filing of an application for adjustment of claim with the board within such period shall not be required, but shall become requisite within one year following the suspension of such voluntary payments or within two years of the date of the accident, whichever is later. [Emphasis added.]

On July 15, 1982, that section was amended and stated as follows:

If payments of *income benefits* as such have been made voluntarily the filing of an application for adjustment of claim with the board within such period shall not be required, but shall become requisite within two (2) years following the suspension of such voluntary payments or within two (2) years of the date of the accident, whichever is later. [Emphasis added.]

The "old" Board, without ever reaching the merits of the case, dismissed the claim as untimely filed. In so doing, it relied upon *Lanier v. Commonwealth of Kentucky, Fish and Wildlife Division,* Ky. App., 605 S.W.2d 18 (1979), and concluded that the statute in effect at the time of filing was controlling and that "the payment of medical benefits, made after the time for filing has run, does not revive a claim which is otherwise barred by the statute of limitations."

A petition for review was timely filed with the Hopkins Circuit Court. In reversing and remanding the case to the Board

for further consideration of his injury claim, the trial court said:

Apropos of this point, the Opinion in *Lanier* also cites the case of *Peach v. 21 Brands Distillery*, Ky.App. 580 S.W.2d 235, (1979), [sic] and that case held that the notice statute was inapplicable as between Mr. Peach and his employer because it was not in effect at the time of Peach's heart attack! It became effective some 13 months after his "injury" and consequently, the majority of the Court of Appeals panel declined to give the statute retrospective application, citing the rule that "(G)enerally speaking the law in this Commonwealth is that the statute in effect on the date of the injury is controlling. *Maggard v. International Harvester Company*, Ky. 508 S.W.2d 777 (1974), [sic]."

So it ought to be in Mr. Purdy's case. At the time of his injury, payments by his employer of medical benefits tolled the period of limitations applicable to his claim. His employer paid such benefits and continued to pay them for over three years. If the Board's ruling stands, then Mr. Purdy's claim became barred for over a year while such payments were still being paid by the employer. This is unconscionable and would open the door to the worst kind of fraud.

■ In reversing the trial court and reinstating the Board's dismissal of the claim, the Court of Appeals found that the amendment to KRS 342.185, effective July 15, 1982, was controlling and that inasmuch as voluntary payments had not been made, appellant's claim should have been filed with the Board within two years after the date of the injury. In so doing they held that the statute was procedural rather than substantive.

In order to resolve this matter we must analyze and apply pertinent portions of the following statutes: KRS 342.185, KRS 342.270(5), KRS 342.620(14), KRS 342.-0011(14), and KRS 446.080(4). In applying these statutes we must follow the legislative mandate set forth in KRS 446.080. Subsection (1) requires that all statutes of this state shall be liberally construed and carry out the intent of the legislature. Subsection (3) provides that no statute shall be construed to be retroactive, until expressly so declared. Subsection (4) requires that all words and phrases be construed according to approved usages of language.

Both Webster's Twentieth Century Unabridged Dictionary and Ballantine's Law Dictionary define "retroactive" essentially the same way, that is, "acting or designed to act in regards to things past ... having application to or effect on things prior to its enactment." It is apparent that the amendment to KRS 342.185 affected things prior to its enactment. In fact, appellees do not dispute this. Appellees attempt to get around it, as did the Court of Appeals, by saying it was procedural and not substantive. The General Assembly made no such distinction. It prohibited retroactive application of the statute unless the statute so declared. The amendment to KRS 342.-185 did not so declare nor was an emergency measure declared by the General Assembly.

The Court of Appeals stated that KRS 342.620(14) "in effect at the time of appellee's injury defined compensation to include income benefits and medical and related benefits." That statute has been in effect for many, many years, and is still in effect, and most recently appears in KRS 342.-0011(14). The latter statute became effective as late as October 27, 1987. Though the statute numbers have changed, the meaning of the word compensation has not.

KRS 342.270(5) is another important statute which has a bearing upon this case. That section is as follows:

An application for adjustment of claim shall be held in abeyance by the administrative law judge [board] during any period voluntary payments of *compensation* are being made under any benefit sections of this chapter to the maximum which the employee's wages shall entitle him.... [Emphasis added.]

In ascertaining the legislative intent as is required by KRS 446.080(1), we are guided by the historical case of *Phil Hollenbach Co. v. Hollenbach*, 181 Ky. 262, 273, 204

S.W. 152 (1918), in an opinion by Judge Sampson:

The purpose intended to be accomplished by this recent legislation is a fair and just distribution of the burdens or losses which result from accident to an employee while regularly engaged in an effort to produce something which will serve a purpose or fill a demand. The workman who is disabled through accident arising out of his employment is, so far as the final result to the community is concerned, much in the same attitude as a disabled machine in the same shop, and the loss and misfortune in each case are and should be charged to and absorbed by the business.

On page 286, 204 S.W. 152, he says:

"Under the rule of liberal construction, however, the courts cannot go to the extent of judicial legislation, the words employed must be given their ordinary meaning, separate provisions must be construed in the light of the statute as a whole, and conflicting provisions reconciled as far as possible, but where the language is plain it must be given its evident effect." It would seem to follow, therefore, that this act must be liberally construed with a view to effectuating the intention of its framers. As was aptly stated in the case of the *Commonwealth v. The Herald Publishing Co.*, 128 Ky. 424, 108 S.W. 892: "The spirit of the law and not the letter should control its construction, and the object to be accomplished should be considered," has application here.

Though the 1982 amendment to KRS 342.185 deleted the word "compensation" and inserted in lieu thereof the phrase "income benefits", it did not take the word "compensation" out of the rest of the statutes. The word "compensation" is still defined the way it was when appellant was injured, that is, it "means all payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits." KRS 342.0011. In view of this and the plain wording of the other applicable statutes it is abundantly clear that appellant's claim was timely filed.

For the foregoing reasons, we reverse the opinion of the Court of Appeals, affirm the trial court, and remand the case to the Board for a hearing on the merits.

STEPHENS, C.J., and LAMBERT and LEIBSON, JJ., concur.

VANCE, J., dissents by separate opinion, in which GANT and WINTERSHEIMER, JJ., join.

VANCE, Justice, dissenting.

I respectfully dissent. I do not regard the statute as having any retroactive effect. It applies only to applications which are to be filed in the future after the effective date of the act. The enactment of this statute did not cut off retroactively the appellant's right to file an application for benefits.

When this act became effective in July, 1982, the statute of limitations for filing a claim was advanced from one year to two years following the date of injury. Before the statute was enacted, the payment of medical benefits by the employer tolled the limitation period—after the enactment, medical payments alone no longer sufficed to toll the limitation period.

Since the appellant was injured in June, 1982, he had approximately one year and eleven months in the future after the enactment of the statute in which he could file his application for benefits. The statute thus applied to a time limitation for a future action. It did not attempt to require, retroactively, the filing of an application on a date which had already passed.

Because I view this statute as one of prospective rather than retrospective application, I would affirm the decision of the Court of Appeals.

GANT and WINTERSHEIMER, JJ., join in this dissenting opinion.