**COMMONWEALTH of Kentucky, Appellant,**

v.

**Derrick Eugene SHIVLEY a/k/a Derrick Eugene Shively, Appellee.**

No. 90–SC–322–DG.

Supreme Court of Kentucky.

Aug. 29, 1991.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellant.

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Christopher F. Polk, Deputy Appellate Defenders, Louisville, for appellee.

REYNOLDS, Justice.

A charge of possession of cocaine against Derrick Eugene Shivley was dismissed by Jefferson Circuit Court and the Court of Appeals affirmed. The Commonwealth has been granted discretionary review and contends that cocaine residue supports a charge of cocaine possession. We agree.

Appellee had been stopped for a motor vehicle equipment violation and attempted to dispose of a bag containing a test tube, a pipe used to smoke narcotics, and a box of baking soda. Laboratory examination confirmed that the pipe and the test tube contained cocaine, with the white cocaine residue being visible on the test tube prior to use of a methanol rinse. Appellee was indicted for three offenses: 1) illegally possessing a Schedule II controlled substance (cocaine); 2) illegally possessing drug paraphernalia (test tube and metal smoking device); and 3) being a second-degree persistent felon. Appellee moved to dismiss the cocaine possession and PFO charges and argued that residue found on paraphernalia should be treated as a misdemeanor.

A state forensic chemist testified at the hearing that the test tube and pipe contained cocaine. The residue could not be accurately weighed, but it was stipulated that a sufficient amount of the residue remained available for testing.

The trial court concluded, when dismissing the charge of illegal possession of a controlled substance, that the issue of the use of a residue of a narcotic to convict had not been directly addressed by the Kentucky courts and adopted the reasoning of the California Supreme Court which has applied a "usable quantity" approach. *People v. McCarthy*, 64 Cal.2d 513, 50 Cal. Rptr. 783, 413 P.2d 671 (1966), and *People v. Leal*, 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665 (1966). A minority of courts have utilized this "usable quantity" approach which requires proof that the amount of the drug found be usable for consumption or sale.

Mr. Shivley was indicted under KRS 218A.140 and subsection 2 provides: "No person shall possess any controlled substance except as authorized in this chapter." Cocaine is classified as a Schedule II controlled substance. KRS 218A.070(1)(d). Neither statute determines any amount of cocaine which may be possessed legally. Cocaine residue is, in fact, cocaine and we find no argument to the contrary.

Notable discourse and distinctions have developed between the "usable quantity" and the "any amount" tests which are used by various courts to support a charge of cocaine possession. *Jacobs v. Commonwealth*, Ky., 551 S.W.2d 223 (1977), reviewed KRS 218A.070 as it related to prosecution for possession of phenmetrazine (a Schedule II nonnarcotic controlled substance). Therein it was stated that: "The quantity of the drug possessed is therefore irrelevant under the statute, so that evidence of possession of any amount of the controlled substance is sufficient to withstand a motion for a directed verdict of acquittal." *Jacobs, supra,* was limited to KRS 218A.070(3) and its application to amphetamine, methamphetamine, phenmetrazine, and methylphenidate.

The "any amount" test was utilized by the Court of Appeals in the case of *Commonwealth v. O'Hara*, Ky.App., 793 S.W.2d 840 (1990), and was there applied to contraband/marijuana found in the penitentiary. In *O'Hara*, KRS 520.010(3) was the focus of the requirement of possession of a specific quantity of marijuana to sustain a conviction under the statute. The Court of Appeals therein held that the legislature could easily have required a "usable amount" test had it so desired and declined to substitute its judgment for that of the legislature.

■ We have considered the rationale of the majority of courts that have followed the "any amount" approach. *Hare v. State*, 53 Ala.App. 596, 302 So.2d 569 (1974), held that the quantity of the drug possessed is immaterial. It is the possession that is denounced. *Moreau v. State*, 588 P.2d 275 (Alaska 1978), held that possession of even a trace of a prohibited drug may be sufficient to sustain a conviction where other evidence supports the inference of knowledge. *Mickens v. People*, 148 Colo. 237, 365 P.2d 679 (1961), states that the possession of a modicum of marijuana brought one within the inhibitions of the statute. *Peachie v. State*, 203 Md. 239, 100 A.2d 1 (1953), held the quantity of the drug possessed is not material. *See also People v. Norman*, 24 Ill.2d 403, 182 N.E.2d 188 (1962); *State v. Young*, 427 S.W.2d 510 (Mo.1968).

■ It is maintained that the courts, in this case, have correctly ascertained the General Assembly's intent that there is some minimum amount of a controlled substance, the possession of which is not criminal, particularly where the substance is a residue attached to other items. Also, it is stated that KRS 446.080(1) requires the courts to construe all statutes liberally in order to carry out the intent of the legislature and that the courts may not engage in judicial legislation under the guise of interpretation. *Purdy v. Palmore*, Ky., 789 S.W.2d 12 (1990). However, we would add that under the rule of liberal construction, the words employed in the statute must be given their ordinary meaning. In effect, exceptions not made cannot be read therein. This is to say in this particular statute that the expression of one thing excludes another. *Purdy, supra.* From our reading of these statutes (KRS 218A.140 and KRS 218A.070) in light of KRS 446.080(1), we conclude that while we are required to

give a liberal construction to such statutes, we should not disregard the unequivocal requirements of the statute. If the language is plain and unambiguous it must be given effect. There are no exceptions designated in the statute and, therefore, we read none therein under the argument of liberalism.

■ The appellee views the "any amount" theory as an infringement of individual rights. We view this statute as an exercise of the police power in the area of public health. It has effect and legitimacy so far as it can be applied to the accomplishment of a proper function in the area of promoting public health. To permit the possession of an amount of cocaine insufficient for use can in no way be justified as promoting public health. The statute should be construed so as to preserve this constitutional validity. *Cooper v. State*, 171 Ind.App. 350, 357 N.E.2d 260 (1976), held that where a statute made no mention of any amount of drug necessary to sustain a conviction, it was reasonable to conclude that the legislature intended that any identifiable amount be sufficient to sustain a conviction.

■ The trial court erred by dismissing Count 1 (illegal possession of a controlled substance) and Count 3 (PFO II) as possession of cocaine residue (which is cocaine) is sufficient to entitle the Commonwealth's charge to go to a jury when there is other evidence or the inference that defendant knowingly possessed the controlled substance. *Morrison v. Commonwealth*, Ky., 607 S.W.2d 114 (1980).

The opinion of the Court of Appeals and the order of the Jefferson Circuit Court are reversed.

STEPHENS, C.J., and LAMBERT, LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents.