Seth Sebastian **BOLEN**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 1998–SC–1128–MR.

Supreme Court of Kentucky.

Nov. 22, 2000.

Richard Hoffman, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for appellant.

A.B. Chandler III, Attorney General of Kentucky, David A. Smith, Dana M. Todd, Assistant Attorneys General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for appellee.

JOHNSTONE, Justice.

Appellant, Scott Bolen, appeals from his McCracken Circuit Court conviction for possession of drug paraphernalia (second offense), first-degree possession of a controlled substance, resisting arrest, and first-degree persistent felony offender. The jury recommended a total sentence of twenty-five years' imprisonment which was reduced without objection to twenty years' imprisonment. We affirm in part, reverse in part, and remand.

Bolen was in the wrong place at the wrong time. On February 7, 1998, the Paducah Police received a call concerning a domestic violence complaint at a particular residence. Officer Grimes was the first police officer to arrive at the residence. With permission, Grimes entered the residence. Inside, he saw Bolen in an adjoining room. Grimes observed Bolen drop what appeared to be a crack pipe and subsequently attempted to place him in custody. Bolen resisted the officer's efforts. Two other officers intervened in order to subdue him. A search of Bolen's person yielded a metal crack pipe and two cotton balls. Testing confirmed that both crack pipes contained cocaine residue.

## I. PERSISTENT FELONY OFFENDER ENHANCEMENT

Between the time Bolen was indicted and tried, KRS 532.080, as amended in the Omnibus Crime Bill of 1998, became effective. The amended version of the statute created a new section, which was codified as KRS 532.080(8). This new subsection provides:

No conviction, plea of guilty, or Alford plea to a violation of KRS 218A.500 shall bring a defendant within the purview of or be used as a conviction eligible for

making a person a persistent felony offender under this section.

Bolen moved the trial court *in limine* to allow him to take advantage of the benefits of this new subsection of the statute, *i.e.*, he argued that the amendment precluded a sentence for a possible conviction for possession of drug paraphernalia (second offense) from being enhanced under KRS 532.080. The trial court denied the motion on grounds that the amendment in question was not substantive and did not apply. After being convicted, Bolen renewed the motion at sentencing. This time, the trial court reasoned that KRS 532.080(8) operates to prevent enhancement where a previous conviction for possession of drug paraphernalia constitutes a prior felony in the determination of persistent felony offender status, but that the provision did not preclude a second conviction for possession. of drug paraphernalia from being enhanced. We disagree, and therefore reverse the conviction for PFO I based on his conviction for possession of drug paraphernalia (second offense).

■ First of all, we note that clearly Bolen was entitled to take advantage of the benefits of the statute. KRS 446.110 provides in pertinent part:

> If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

This statute creates an exception to the general rule that "[n]o statute shall be construed to be retroactive, unless expressly so declared." KRS 446.080. The exception of KRS 446.110 only applies if the new penalty is definitely mitigating. *Commonwealth v. Phon*, Ky., 17 S.W.3d 106, 108 (2000), citing *Coleman v. Commonwealth*, 160 Ky. 87, 169 S.W. 595, 597 (1914).

■ The amendment to KRS 532.080 in question eliminates an eligible person's sentence from being enhanced as a persistent felony offender. The amendment is definitely mitigating. Further, we have no trouble concluding that the plain meaning of KRS 532.080(8) makes Bolen eligible to take advantage of its benefit.

■ Bolen's conviction for possession of drug paraphernalia (second offense) was a conviction for violation of KRS 218A.500. KRS 532.080(8) expressly provides: "No conviction [for] a violation of KRS 218A.500 shall ... be used as a conviction eligible for making a person a persistent felony offender under this section." Nonetheless, the trial court instructed the jury on first-degree persistent felony offender as to possession of drug paraphernalia (second offense). The jury found Bolen guilty of the offense and fixed his punishment at ten (10) years' imprisonment. In other words, Bolen was convicted of PFO I based on his conviction for a violation of KRS 218A.500. This is contrary to KRS 532.080(8), which made Bolen ineligible for being convicted as a persistent felony offender based on his conviction for possession of drug paraphernalia (second offense).

## II. POSSESSION OF A CONTROLLED SUBSTANCE

Bolen contends that his conviction for possession of a controlled substance cannot be upheld since the amount of cocaine found in each pipe was not measurable. Testing by the Commonwealth revealed that a non-weighable amount of residue existing on each pipe contained the molecular structure of cocaine.

■ Bolen asserts that the statute calls for "any quantity" and that quantity implies a measurable amount. *See* KRS 218A.1415(1). This argument is directly contrary to this Court's holding in *Commonwealth v. Shivley*, Ky., 814 S.W.2d 572 (1991), that "possession of cocaine residue ... is sufficient to entitle the Commonwealth's charge to go to a jury when there is other evidence or the inference that defendant knowingly possessed the con-

trolled substance." *Id.* at 574. Similar to this case, testing in *Shivley* revealed cocaine residue that could not be accurately weighed. However, this Court declared that the quantity of the controlled substance possessed is immaterial to the criminality of the act. *Id.* at 573. *See also Commonwealth v. Harrelson,* Ky., 14 S.W.3d 541, 549–50 (2000). Therefore, the existence of cocaine residue on each pipe was sufficient to support a conviction under KRS 218A.1415(1).

### III. FAILURE TO STRIKE JUROR FOR CAUSE

■ Bolen also argues that the trial court erred in its refusal to strike a juror for cause. Bolen believes that the juror had already formed an opinion as to Bolen's defense which deprived Bolen of his constitutional right to an impartial jury. *See* U.S. Const. amend. VI.; Ky. Const. §§ 7, 11.

■ Consistent with a defendant's federal and state constitutional right to trial ⊦ ˙ an impartial jury, RCr 9.36 states in relevant part, as follows:

> When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, he shall be excused as not qualified.

The standard of review for a trial court's decision on a challenge for cause is whether there was an abuse of discretion. *Bowling v. Commonwealth,* Ky., 942 S.W.2d 293 (1997), *cert. denied,* 522 U.S. 986, 118 S.Ct. 451, 139 L.Ed.2d 387 (1997). In order to find reversible error, Bolen must demonstrate a probability of bias or prejudice based on the particular facts of the case. *Pennington v. Commonwealth,* Ky., 316 S.W.2d 221, 224 (1958). *See also Tayloe v. Commonwealth,* Ky., 335 S.W.2d 556 (1960).

During voir dire, the challenged juror volunteered information pertaining to her experience as a schoolteacher and the frail excuses she received from her past students. She questioned whether an individual could commit a crime without actually knowing it. However, she specifically indicated that she had not heard all the facts of this particular case. There was no suggestion that she would not consider all of the evidence presented nor apply the law as instructed. The juror in this case demonstrated that she could lay aside her opinion and the trial court judge accepted this assurance. Therefore, there was no abuse of discretion by the trial court in its refusal to strike the juror for cause.

### IV. OTHER ERRORS

Bolen makes three additional claims of error: (1) whether expert testimony via closed circuit television violates the Confrontation Clause; (2) whether there was prosecutorial misconduct during voir dire; and (3) whether his convictions for both possession of drug paraphernalia and possession of a controlled substance violated the constitutional prohibition against double jeopardy. All three of these issues are unpreserved. We have carefully reviewed these and conclude that each one is without merit and none deserve to be discussed further.

For the reasons set forth above, we affirm Bolen's convictions for possession of drug paraphernalia (second offense), first-degree possession of a controlled substance, resisting arrest, and PFO I based on his conviction for first-degree possession of a controlled substance, and reverse his conviction for PFO I based on his conviction for possession of drug paraphernalia (second offense), and remand for a new sentencing hearing consistent with this Opinion.

All concur.