RENDERED:  AUGUST 26, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0357-MR

TONY SHACKELTON                                              APPELLANT

v.                     APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 15-CI-03192

STATE FARM MUTUAL
INSURANCE COMPANY                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

ACREE, JUDGE:  Appellant, Tony Shackelton, appeals the Fayette Circuit Court's order granting summary judgment in favor of Appellee.  Finding no error, we affirm.

On April 28, 2013, Appellant suffered serious injuries after a vehicle driven by John Fries collided with his vehicle.  The investigating officer found Fries to be at fault and cited him accordingly.  In all, Appellant incurred

$54,113.13 in medical expenses.  Appellant's vehicle was insured by Appellee, State Farm Mutual Insurance Company, and Fries' vehicle was insured by Cincinnati Insurance Company (CIC).

Appellant originally initiated this suit against Fries and State Farm.  In the original complaint, Appellant brought a negligence claim against Fries and an underinsured motorist claim against State Farm.  Unbeknownst to Appellant, Fries died approximately six months prior to Appellant filing this lawsuit – a fact not immediately known to Appellant.  Once Appellant learned of Fries' death, he amended his complaint to list Fries' estate as the proper party.  Pursuant to Fries' policy with CIC, CIC attorneys represented Fries' estate.  They filed a motion to dismiss the complaint against the estate because the amended complaint did not relate back to the filing date of the original complaint.  *See* CR[1] 15.03.

Appellee's attorneys also filed a motion to dismiss the complaint against their client, State Farm.  On October 20, 2016, the circuit court granted both motions.  In a prior appeal, this Court affirmed the circuit court's dismissal of the estate but reversed and remanded the order dismissing Appellee.  *See Shackelton v. Estate of Fries*, No. 2017-CA-00121, 2019 WL 3987760, at *1 (Ky. App. Aug. 2, 2019).

---

[1] Kentucky Rules of Civil Procedure.

On remand, Appellant filed a second amended complaint restating the allegations of his underinsured motorist (UIM) claim and additionally alleging an uninsured (UI) motorist claim, in the alternative. Appellee opposed adding the UI claim but said it would agree to the new claim if Appellant voluntarily dismissed his UIM claim. Appellant did so.

Thereafter, Appellee moved the circuit court for summary judgment, alleging, as a matter of law and contract interpretation, Fries' vehicle did not constitute an "uninsured motor vehicle." The circuit court agreed and granted summary judgment in favor of State Farm. This appeal follows.

A circuit court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). Thus, appellate courts use *de novo* review when reviewing a circuit court's order granting summary judgment. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

It is appropriate to grant summary judgment, "where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "[A] party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992) (citing *Steelvest*, 807 S.W.2d at 480). The nonmovant "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact . . . ." *Steelvest*, 807 S.W.2d at 481 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). Where, as here, the parties do not dispute the facts, summary judgment involves the proper application of the law to those facts. Thus, appellate review in such cases is by *de novo* review of the circuit court's application of law.

Pursuant to KRS[2] 304.20-020, UM coverage is an automatic feature of vehicle liability insurance and considered mandatory. KRS 304.20-020(1), (2).[3] "[T]he purpose of mandatory uninsured motorist coverage is to provide those who purchased liability insurance with the same protection that they would have if the

---

[2] Kentucky Revised Statutes.

[3] An insured may reject such coverage but must do so in writing. KRS 304.20-020(1). Rejection of coverage is not an issue in this case.

uninsured motorist had carried the minimum limits of liability coverage." *Burton v. Farm Bureau Ins.*, 116 S.W.3d 475, 480 (Ky. 2003) (quoting *Preferred Risk Mut. Ins. v. Oliver*, 551 S.W.2d 574 (Ky. 1977)). "[T]he legislative intent of KRS 304.20-020 is to make whole – to the extent possible – an injured party who would otherwise not receive compensation from an at-fault uninsured party." *Dyer v. Providian Auto & Home Ins.*, 242 S.W.3d 654, 656 (Ky. App. 2007) (citing *Wine v. Globe Am. Cas. Co.*, 917 S.W.2d 558 (Ky. 1996)).

Although the statute does not explicitly define the term uninsured motor vehicle, KRS 304.20-020(2) provides three examples of circumstances in which a vehicle that is, in fact, insured will be treated as an "uninsured motor vehicle" for purposes of coverage under the legislative scheme. *Dowell v. Safe Auto. Ins.*, 208 S.W.3d 872, 876 (Ky. 2006); *see* KRS 304.20-020(2). Relevant here is the third example which says an *insured* motor vehicle becomes classified as an *uninsured* motor vehicle when "the liability coverage applicable at the time of the accident is *denied* by the insurer writing the same." KRS 304.20-020(2) (emphasis added). The statute fails to define the term "denied" and gives no examples for what it means for an insurer to deny coverage. *See* KRS 304.20-020(2).

Appellant interprets this statute, broadly, as requiring a court to deem an insured vehicle uninsured if the insurer declines to pay out on a claim for a

policy's coverage amount. (Appellant's Brief, p. 8.) Under Appellant's interpretation, when CIC declined to pay Appellant's claim, liability coverage was denied, and a legally impactful fiction arose that Fries' insured vehicle was uninsured. We are not persuaded that Appellant's interpretation is correct.

To resolve this case, we must determine what it means for an insurer to deny coverage. We can begin by looking closely at the statute.

The statute requires more than a refusal to pay a claim. It says the law deems an insured vehicle uninsured if "the liability coverage applicable at the time of the accident is denied by the insurer . . . ." KRS 304.20-020(2). Eliminating superfluous language, it requires that "liability coverage . . . is denied . . . ." *Id.* That is, to justify the legislative fiction that an insured vehicle is uninsured, the vehicle's insurer must deny the claim by asserting its insured is not liable. If liability is subsequently established, the affected insurers will be able to resolve their differences either administratively or, if necessary, judicially.

The Supreme Court made it clear that an insurance company does not deny liability coverage merely by refusing to pay a claim. *Wren v. Ohio Cas. Ins.*, 535 S.W.2d 849, 849 (Ky. 1976) (*per curiam*). The appellee/insurer in *Wren* argued that its refusal to pay was not based on a denial of liability coverage. The appellant argued this position was "in conflict with KRS 304.20-020(2)" and specifically referenced the same third example the statute describes, and upon

-6-

which Appellant relies in this case. *Id.* Said the Supreme Court, "Appellants insist that when the liability carrier refused to pay appellants' claims it *denied* the amounts provided in the policy. We do not accept this interpretation." *Wren*, 535 S.W.2d at 849 (emphasis added). The Court rejected the appellant's conflicting argument, stating the insurance company did not "deny" liability coverage when it refused to pay claims beyond the policy limits. *Id.* The insurer never took the position that its insured was not liable; thus the statute's requirement that "the *liability coverage applicable at the time of the accident is denied* by the insurer" never occurred. KRS 304.020(2) (emphasis added).

Denial of liability never occurred in the instant case either.

Appellant rejects this interpretation, stating, "A more reasonable interpretation . . . is that a vehicle, insured at the time of the accident, is considered uninsured if the liability carrier *denies payment* of the amounts provided for in the policy." (Appellant's Brief, p. 8) (emphasis original). But that interpretation would require reading language into the statute that plainly is not there. Should we edit the statute by striking and underlining KRS 304.20-020(2) this way: "the amounts provided in the liability coverage applicable at the time of the accident ~~is denied~~ <u>are not paid</u> by the insurer[,]" or would this be better: "the amounts ~~provided in~~ <u>demanded from</u> the liability coverage applicable at the time of the accident ~~is~~ <u>are</u> denied by the insurer"?

Of course, the answer is "[w]e are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used." *Richardson v. Commonwealth*, 645 S.W.3d 425, 433 (Ky. 2022) (quoting *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky. 2000)). "[U]nder the rule of liberal construction, the words employed in the statute must be given their ordinary meaning." *Commonwealth v. Shivley*, 814 S.W.2d 572, 573 (Ky. 1991). The language used in KRS 304.20-020(2) "is both unambiguous and plain and is to be given effect as written." *Lynch v. Commonwealth*, 902 S.W.2d 813, 814 (Ky. 1995). The statute, read under the guidance of these rules of statutory construction, and applied to the undisputed material facts here, leads to one conclusion. The circuit court properly applied the statute when it granted summary judgment in favor of Appellee. Here, the liability coverage provided in the policy was not denied; Appellant simply failed to claim liability coverage in a timely manner.

We affirm.

DIXON, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Gregory J. Bubalo                       Douglas L. Hoots
Kate A. Dunnington                      Susan Y.W. Chun
Louisville, Kentucky                    Lexington, Kentucky