## PREFERRED RISK MUTUAL INSURANCE COMPANY et al., Appellants,

v.

### Patricia J. OLIVER, Adm'x of the Estate of Denise Cassel, Deceased, Appellee.

Supreme Court of Kentucky.

May 20, 1977.

Rehearing Denied July 1, 1977.

Bernard Leachman, Jr., Louisville, for appellants.

J. J. McCarthy, Louisville, for appellee.

JONES, Justice.

The principal issue presented in this appeal is whether an automobile liability insuror may contractually exclude a motorcycle from the definition of "uninsured vehicle" in a policy issued pursuant to the provisions of the uninsured motorist statute. KRS 304.20–020.

On January 25, 1973, Denise Cassel, aged 14, was a passenger on a motorcycle operated by Cloyd Leo Dobson, Jr., when he struck the left rear corner of an automobile stopped in a line of traffic in front of him. The force of the collision threw Denise under the wheels of a car, approaching from the opposite direction. The car struck her. She was killed instantly.

Denise lived with her mother, Patricia Jean Oliver, and her stepfather, Gerald V. Oliver, both of whom owned automobiles insured with Preferred Risk Mutual Insurance Company. Denise was an "additional insured" under both Preferred Risk policies, which provided uninsured motorist coverage. Upon the last renewal of the policies prior to Denise's death, the uninsured motorist provisions were completely superseded by "endorsement A2," a comprehensive uninsured motorist provision containing the following exclusion:

"This endorsement does not apply:

\* \* \* \* \* \*

"(d) *to bodily injury sustained by any person while occupying any motorcycle, motorized scooter, motorized bicycle, snowmobile or any other similar motorized vehicle.*" (Emphasis added)

On July 2, 1973, Patricia Oliver, Administratrix of Denise's estate, filed a complaint alleging uninsured motorist coverage and resultant liability of Preferred Risk by reason of Dobson's negligence. His liability and unpaid judgment of $50,000 are unchallenged on this appeal. Preferred Risk pled a general denial as well as the "motorcycle exclusion." Based upon the language of that exclusion, Preferred Risk filed motions for summary judgments which were heard and overruled.

Before trial Dobson's deposition was taken. It established that he had a liability policy on his motorcycle with the Midwest Mutual Insurance Company, but that policy specifically excluded riders and passengers from its coverage. Dobson also owned a Pinto automobile, insured with State Farm. However, that policy contained a "non-owned vehicle" provision excluding all other vehicles owned by the insured but not insured under the policy. Dobson's father testified that his two automobile liability policies with State Farm did not extend any liability coverage to his son. The trial court, on the motion of Patricia Oliver, entered an order finding "as a matter of law that the defendant, Cloyd Leo Dobson, Jr., was an uninsured motorist as to the claim of the plaintiff, Patricia J. Oliver, Administratrix of the estate of Denise Cassel." The trial court further ruled that the "motorcycle exclusion" in the Preferred Risk policy was in conflict with the uninsured motorist vehicle statute, and held Preferred Risk liable to the extent of the uninsured motorist coverage in the two policies issued to the Olivers. The trial court thereafter entered a judgment against Preferred Risk for $20,-000, from which judgment Preferred Risk appeals.

In response to Preferred Risk's contention that the exclusion was reasonable, and not in conflict with the uninsured motorist statute, Patricia Oliver contends that Preferred Risk's "motorcycle exclusion" is in derogation of the uninsured motorist statute and is void. She also contends that its inclusion in the policies restricts an insured's coverage to injury from a more limited class than prescribed by the uninsured motorist statute. The uninsured motorist statute requires uninsured motorist coverage "for the protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . ." Pointing to other provisions of the insurance code, where "motor vehicle" means all motor powered vehicles of every type, Patricia Oliver argues that the Legislature intended the inclusion of all types of motorized vehicles within the required coverage and that Preferred Risk cannot restrict its statutory obligation by excluding motorcycles. Patricia Oliver cites a number of cases from other jurisdictions which conclude that a "motorcycle exclusion" conflicts with the plain meaning of those statutory enactments requiring coverage from injury by an uninsured "motor vehicle" and is therefore unenforceable and must be reformed to meet the statutory requirements. Those cases have no application here.

 It is undisputed that policy provisions in derogation of statutory requirements are invalid. To determine whether Preferred Risk's "motorcycle exclusion" is in derogation of the uninsured motorist statute necessitates an examination of that statute's provision. The Kentucky uninsured motorist statute, KRS 304.20–020 provides in part:

"For the purpose of this coverage the term 'uninsured motor vehicle' shall, *subject to the terms and conditions of such coverage,* (emphasis added), be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency; an insured motor vehicle with respect to which the amounts provided, under the bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such motor vehicle, are less than the limits described in subsection (3) of KRS 187.330; and an insured motor vehicle to

the extent that the amounts provided in the liability coverage applicable at the time of the accident is denied by the insurer writing the same." KRS 304.20–020(2).

In enacting KRS 304.20–020, the General Assembly did not presume to write an uninsured motorist policy but only gave a general outline of the coverage required. The statutory language emphasized above demonstrates a legislative recognition that the limits and terms of the statute's general outline of required coverage would of necessity be specifically defined by reasonable "terms and conditions" in the policies of the various insurance carriers. *Allen v. West American Ins. Co.*, Ky., 467 S.W.2d 123 (1971). Reasonable exclusions fall within the "terms and conditions" to which the statute's application is subject. This court stated in *Commercial Union Ins. Co. v. Delaney*, Ky., 550 S.W.2d 499 (Decided February 18, 1977):

> "In adopting uninsured motorist coverage the Legislature did not specify what exclusions would be either valid or invalid. Had it so desired, the General Assembly easily could have included a list. Its failure to do so affords basis for the construction that the statute does not invalidate all exclusions but only those which are unreasonable."

In determining whether Preferred Risk's "motorcycle exclusion" is reasonable, it must be noted that the purpose of mandatory uninsured motorist coverage is to provide those who purchased liability insurance with the same protection that they would have if the uninsured motorist had carried the minimum limits of liability coverage. This court is of the opinion that to invalidate exclusions contained in a policy's uninsured motorist provisions and allow an insured to recover what is validly excludable from his liability coverage is a strained position.

It is common knowledge that motorcycle riders, as a class, are among the highest risk groups conceivable. Motorcycles offer no protection whatsoever from the front, back, sides or top, and leave the rider exposed to every peril of highway travel. The exclusion of such a class from coverage is clearly reasonable where, as here, the assured has the option of avoiding the excluded peril. An assured has no choice in selecting those uninsured motorists who may injure him, but he certainly does elect to ride a motorcycle. This volitional act triggers the exclusion and he accepts the consequences.

This court is of the opinion that the motorcycle exclusion was reasonable. The exclusion is not in conflict with the uninsured motorist statute.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.