Melvin DUPIN and Lorah
Dupin, Appellants,

v.

Roger ADKINS, Charlene Adkins, and
American States Insurance
Company, Appellees.

No. 1999–CA–000599–MR.

Court of Appeals of Kentucky.

April 14, 2000.

Dwight Preston, Elizabethtown, for Appellants.

Kevin Mathews, Louisville, for Appellees.

Before: GUDGEL, Chief Judge; BARBER and BUCKINGHAM, Judges.

## OPINION

BUCKINGHAM, Judge.

Melvin and Lorah Dupin appeal from an order of the Hardin Circuit Court granting summary judgment in favor of American States Insurance Company ("ASI"). The issue is whether a farm tractor that was driven by Melvin when it was struck by another vehicle is considered to be a motor vehicle under the Dupins' underinsured motorist ("UIM") provisions in their ASI automobile insurance policy. If it is, then the Dupins have no UIM coverage in connection with the accident. We hold that it is not and, therefore, reverse the trial court's order.

This case centers around a farm tractor owned by the Dupins. The Dupins never listed this tractor as a covered vehicle on their ASI automobile insurance policy. Although the Dupins routinely paid UIM premiums for their three automobiles, they did not pay any premiums to ASI for coverage on their tractor.

On April 29, 1995, Melvin Dupin was driving his farm tractor on a public highway in Hardin County. An automobile driven by Roger Adkins struck the tractor, resulting in injuries to Melvin. The Dupins filed suit against Adkins and his wife, Charlene, to recover damages for Melvin's injuries and Lorah's resulting claims for loss of consortium. Because the amount of liability insurance carried by the Adkinses was insufficient to fully compensate the Dupins for the amount of damages sought, the Dupins asserted an underinsured motorist claim against ASI, their own insurance company.

Both the Dupins and ASI moved the trial court for summary judgment regarding whether UIM coverage was available to the Dupins under the facts of this case. In its order granting ASI's summary judgment motion, the trial court stated that "[t]he farm tractor which Plaintiff Dupin was operating was not a vehicle covered under the terms of the policy. Accordingly, no underinsured motorists coverage was provided for injuries sustained by Plaintiff Dupin while operating said farm tractor." Upon motion by the Dupins and agreement by ASI, the trial court made its order final and appealable. This appeal followed.

■ The trial court focused exclusively in its order upon whether the tractor was listed on the Dupins' insurance policy and whether premiums had been paid for such coverage. In doing so, the trial court neglected to first consider whether the farm tractor was a motor vehicle which was covered by ASI's policy exclusion.

The insurance policy in question reads as follows:

We [ASI] will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured" or "underinsured motor vehicle" because of "bodily injury" sustained by an "insured" and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the "uninsured" or "underinsured motor vehicle."

... [W]e will pay only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements.

"Insured," as used in this Part, means:

1. You or any "family member."

2. Any other person "occupying" "your covered auto."

3. Any person for damages that person is entitled to recover because of "bodily injury," to which this coverage applies. Sustained by a person described in 1. or 2. above.

. . . .

Exclusions

A. We do not provide Coverage for "bodily injury" sustained by any person:

1. While "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

There is no question that the Dupins meet the requirements for UIM coverage under this policy. First, Melvin is obviously an "insured" under his own policy. Second, the damages are a result of bodily injuries sustained in an accident. Third, Adkins' underinsured status necessitated the Dupins' claim for UIM benefits. The question then becomes whether the facts of this incident fall within ASI's UIM exclusion.

According to ASI's policy, a UIM claim is prohibited if all of the following elements are present. First, claimant must be "occupying" or struck by a motor vehicle. Second, the motor vehicle must be owned by the policyholder or a family member. Third, the motor vehicle must not be insured for coverage under the ASI policy. Although the trial court found, and we concede, that the tractor was not insured under ASI's policy, we nevertheless find that the Dupins' farm tractor does not fit into this exclusion. The trial court apparently assumed the farm tractor was a motor vehicle for the purposes of this exclusion. Because case law and statutory definitions indicate otherwise, we disagree.

A case closely on point is *Kentucky Farm Bureau Mutual Insurance Co. v. Vanover*, Ky., 506 S.W.2d 517 (1974), in which two young girls were riding on the back of a tobacco setter attached to the back of a tractor that was hit by a car. The accident resulted in injuries to one girl and death to the other girl, the driver of the tractor, and the passenger and driver of the automobile. *Id.* at 518. Damages were sought against liability and uninsured motorist ("UM") endorsements. *Id.* The insurance company in *Vanover* argued that the parties' claims for UM benefits were precluded because the tractor was an uninsured automobile owned by the insured for which no premium was paid. *Id.* at 518–19.

In determining the tractor was not an automobile, the *Vanover* court reasoned as follows:

Various statutes . . . have distinguished farm tractors from automobiles or motor vehicles. KRS 187.290(4), included in the chapter dealing with the financial responsibility law, specifically excepts farm tractors from the definition of "motor vehicle." Likewise, farm tractors are excepted from the definition "vehicle" for licensing purposes in KRS 186.010(7), (8). Cf. KRS 433.640.

*Id.* at 519. Therefore, it has been accepted by our high court that for the purposes of UM coverage, farm tractors are not regarded as automobiles or motor vehicles.

Any attempt to distinguish *Vanover* from this case because *Vanover* analyzed UM coverage instead of UIM coverage is erroneous. The Kentucky Supreme Court has applied law and policy regarding UM coverage to cases involving UIM coverage, stating the following:

It is sufficient to say that these decisions [regarding uninsured motorists coverage] are recent, fully considered and appear to be controlling of the comprehensive question presented here [regarding underinsured motorists coverage].

. . . .

In substance, we believe the distinction between the uninsured and underinsured statutes is more illusory than

real.... As such, the public policy with respect to statutory coverage described in *Hamilton* is as applicable here as there.

*Allstate Ins. Co. v. Dicke,* Ky., 862 S.W.2d 327, 328–29 (1993). In *Coots v. Allstate Insurance Co.,* Ky., 853 S.W.2d 895 (1993), the Kentucky Supreme Court specifically noted as follows:

UIM coverage serves the same purpose and follows the same pattern as UM coverage. While the wording of the UIM statute is different from that of the UM statute, we can discern no fundamentally different insurance arrangement from that provided for under the UM statute.

. . . .

Indeed, UM coverage and UIM coverage are treated coextensively in many standard insurance policies, and in some cases are offered as a combined coverage.

*Id.* at 898–99.[1] Furthermore, "[u]nderinsured and uninsured carriers should be treated similarly, as their purpose and the intent of their coverage is similar." *Id.* at 903. Therefore, the *Vanover* case may not be distinguished from this case on the basis that *Vanover* involved UM coverage whereas this case involves UIM coverage.

ASI argues that *Vanover* is distinguishable from the present case because *Vanover* analyzed the term "automobile," whereas the phrase presently in question is "motor vehicle." In light of the overwhelming statutory support that a farm tractor is neither an automobile nor a motor vehicle, this argument is unpersuasive. *See* KRS 187.290(4) (exempting farm tractors from the definition of motor vehicle for the purposes of the financial responsibility statutes); KRS 190.010(12) (stating that a motor vehicle "shall not include farm tractors" for the motor vehicle sales statutes); KRS 190.090(4) (stating that a

motor vehicle "does not include ... tractors" for the motor vehicle installment sales contract statutes); KRS 189.010(19)(b) (exempting farm tractors from the definition of motor vehicle for the motor vehicle traffic regulation and equipment and storage statutes). Moreover, *Vanover* discussed both terms and specifically recognized that a farm tractor is neither an automobile nor a motor vehicle. *Vanover,* 506 S.W.2d at 519.

ASI further argues that, unlike the *Vanover* policy, "the exclusion for 'owned motor vehicles' in [ASI's] policy, by definition, includes farm tractors." We disagree. ASI's policy lists no definition for the term "motor vehicle" which is specifically applicable to its general or UIM provisions. The only definition of motor vehicle to which the policy makes reference is that found in the Personal Injury Protection Coverage Part. This section states that

[w]hen used in reference to this coverage:

. . . .

"motor vehicle" means a vehicle as defined in Kentucky Revised Statutes Chapter 304, Sub Title 39....

Kentucky Revised Statute ("KRS") 304.39–020 reads in part as follows:

"Motor vehicle" means any vehicle which transports persons or property upon the public highways of the Commonwealth, propelled by other than muscular power except ... farm tractors....

KRS 304.39–020(7).[2] Thus, ASI's argument that its policy defines "owned motor vehicles" to include farm tractors is erroneous.

It is true that, according to ASI's policy, if Melvin had been driving his own motor vehicle which was not insured for UIM coverage, he would not have had UIM coverage in this case. That, however, is

---

**1.** In ASI's insurance policy, UM and UIM coverage is provided coextensively in the same clause with the same conditions, terms, and exclusions applicable to each.

**2.** This definition alone is persuasive because the UIM statute is part of the Motor Vehicle Reparations Act for which these definitions were promulgated.

not the case. Melvin was driving a farm tractor, not a motor vehicle as that term must be defined for purposes of his policy. Therefore, under the terms of the policy, ASI cannot deny the Dupins UIM coverage.

Moreover, the Kentucky Supreme Court recognized in *Vanover* that

> [i]f there was a reasonable doubt as to whether the tractor was an automobile [or, in the present case, a motor vehicle] within the meaning of the policy endorsements, the almost universal rule that the doubt should be resolved in favor of the insured would suggest a determination that the tractor was not an automobile [or motor vehicle] as used in the policy.

*Vanover*, 506 S.W.2d at 519; *see also Transport Ins. Co. v. Ford*, Ky.App., 886 S.W.2d 901, 903–04 (1994) (stating that insurance contracts should be liberally construed and all doubts resolved in favor of insureds). Further, "we find that two cardinal principles apply: '(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and, (2) exceptions and exclusions should be strictly construed to make insurance effective.'" *Kentucky Farm Bureau Mut. Ins. Co. v. McKinney*, Ky., 831 S.W.2d 164, 166 (1992). Following these precepts and construing ASI's UIM exclusion strictly, we conclude that there was no exclusion because Melvin was not driving a "motor vehicle" that was not insured for UIM coverage.

■ Additionally, ASI argues that to recover UIM benefits, the insured must be injured while in a motor vehicle insured for UIM under his policy. This flawed argument is based upon ASI's misinterpretation of KRS 304.39–320 which ASI reads to require "some nexus between the accident and an insured vehicle under the policy" before UIM coverage is available. The statute reads as follows:

> (2) Every insurer shall make available upon request to its insureds underinsured motorist coverage, whereby subject to the terms and conditions of such coverage not inconsistent with this section the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering.

KRS 304.39–320(2). ASI interprets the phrase "to the extent of the underinsurance policy limits on the vehicle of the party recovering" as requiring the insured to be occupying a vehicle insured for UIM coverage at the time of the accident in order to recover UIM benefits. This interpretation is inaccurate because "[u]nderinsured motorist coverage comes in to play *whenever* the insured has uncompensated damages that he or she is entitled to recover under a judgment in excess of the policy limits of the owner of the other vehicle." *Saxe v. State Farm Mut. Auto Ins. Co.*, Ky.App., 955 S.W.2d 188, 192 (1997) (emphasis added). To interpret the UIM statute as ASI suggests would eliminate coverage in situations where insureds are passengers in other persons' vehicles or are pedestrians.

■ By extension and application of case law pertaining to UM coverage, UIM coverage must apply to pedestrians. *See Kentucky Farm Bureau Mut. Ins. Co. v. Troxell*, Ky., 959 S.W.2d 82 (1997); *Meridian Mut. Ins. Co. v. Siddons*, Ky., 451 S.W.2d 831 n. 1 (1970); *First Nat'l Ins. Co. Of Am. v. Harris*, Ky., 455 S.W.2d 542, 544 (1970). Specifically, in *Estate of Swartz v. Metropolitan Property & Casualty Co.*, Ky.App., 949 S.W.2d 72 (1997), we stated that

> [d]ecisional law declares such coverage to be applicable whether the insured who is injured by an uninsured motorist is driving an insured vehicle, riding as a passenger in another vehicle, or travel-

ing as a pedestrian. In short, uninsured motorist coverage applies whenever an insured person would be entitled to recover damages but for the uninsured status of the negligent motorist.

*Id.* at 74 (citation omitted). By analogy, UIM coverage must apply to persons injured while not in motor vehicles, including pedestrians and others utilizing non-motor vehicles. This is consistent with the UM and UIM case law of several other states. *Bass v. State Farm Mut. Auto. Ins. Co.,* 128 Ga.App. 285, 196 S.E.2d 485, 489 (1973) (stating that in UM coverage, "the named insured is covered wherever he is, whether in that car, another car, or no car") *aff'd in part, rev'd in part on other grounds,* 231 Ga. 269, 201 S.E.2d 444 (1973); *Squire v. Economy Fire & Cas. Co.,* 69 Ill.2d 167, 13 Ill.Dec. 17, 370 N.E.2d 1044 (1977) (stating that to the extent the exclusion makes UM coverage dependent upon the insured being in a vehicle listed in the policy, it is void); *Farmers Ins. Co. v. Gilbert,* 14 Kan.App.2d 395, 791 P.2d 742 (1990) (stating that UM coverage protects a named insured no matter where the named insured may be at the time of the injury) *aff'd,* 247 Kan. 589, 802 P.2d 556 (1990); *Monteith v. Jefferson Ins. Co. of N.Y.,* 159 Vt. 378, 618 A.2d 488 (1992) (stating that UM/UIM coverage is portable and coverage is not conditioned on the location of the insured or the insured's status as a motorist, a passenger in a private or public vehicle, or a pedestrian).

 Our view is further supported by Kentucky's recognition that UIM coverage is personal to the insured and not connected to a particular vehicle. *Snodgrass v. State Farm Mut. Auto. Ins. Co.,* Ky.App., 992 S.W.2d 855, 857 (1998) (stating that "underinsured motorists coverage is personal to the insured"), *citing Bonnlander v. Leader Nat'l Ins. Co.,* Ky.App., 949 S.W.2d 618, 621 (1996); *Estate of Swartz,* 949 S.W.2d at 75. In *State Farm Mut. Auto. Ins. Co. v. Mattox,* Ky., 862 S.W.2d

325 (1993), the supreme court stated the following:

> In *Chaffin,* we explained that with insurance which is personal to the insured for which a separate premium is paid, there arises a reasonable expectation of coverage, the exclusion of which is prohibited by public policy. We are unable to rationally distinguish between the statutory and contractual structure of added reparation benefits and underinsured motorist coverage as in *Dicke* and uninsured motorist coverage as in *Hamilton* and *Chaffin.* In each instance, the coverage is indeed personal to the insured in that it applies to *any* motor vehicle injury.

*Id.* at 326 (emphasis added). Therefore, despite ASI's arguments to the contrary, UIM is personal insurance which must follow the insured regardless of whether the insured is injured as a motorist, a passenger in a private or public vehicle, or a pedestrian, and is only limited by the actual, valid exclusions of each insurance policy.

ASI is correct in arguing that, in some instances, Kentucky law recognizes the need for a nexus between the motor vehicle insured for UIM coverage and the person making the claim. This distinction has been made when someone other than an insured is making a claim against the insured's UIM coverage. *See McKinney, supra; Ford, supra.* In such cases, because the claimants are not the insureds in the insurance policies, they must show some relationship between the claim and the motor vehicle against which they are claiming UIM benefits. That situation is distinct from the present situation. In the present case, the Dupins are the insureds who are claiming benefits under their own policy. The insured's status as an insured is alone a sufficient nexus for a claim of UIM benefits without the insured's actually being in a motor vehicle covered for UIM under the policy.

We therefore conclude that the farm tractor should not be considered a motor vehicle under the Dupins' insurance policy with ASI. Consequently, ASI's exclusion clause regarding UIM coverage is inapplicable, and the trial court erred by granting summary judgment based upon this clause.

The order of the Hardin Circuit Court is reversed, and this case is remanded to the trial court for further proceedings.

ALL CONCUR.