MGA INSURANCE COMPANY, INC., Appellant

v.

Heath GLASS, Appellee.

No. 2003–CA–000500–MR.

Court of Appeals of Kentucky.

April 2, 2004.

Matthew P. Cook, Bowling Green, KY, for appellant.

J. Brent Travelsted, Judy S. Brown–Blume, Bowling Green, KY, for appellee.

Before COMBS, JOHNSON and MINTON, Judges.

*OPINION*

JOHNSON, Judge.

MGA Insurance Company, Inc. has appealed from an order of the Edmonson Circuit Court entered on February 28, 2003, which found that Heath Glass, the appellee herein, was an "insured" under the underinsured motorist (UIM) provision of the policy issued to AAA Auto Sales by

MGA Insurance and granted Heath's motion for summary judgment on the issue of coverage. Having concluded that the trial court did not err as a matter of law by determining that Heath was a covered insured under the UIM provision of the insurance policy in question, we affirm.

The pertinent facts and procedural history of this case are simple and are not in dispute. Gary Glass and his wife, Carolyn Glass, were the owners of AAA Auto Sales in Bowling Green, Kentucky, and are the parents of Heath Glass. MGA Insurance issued a commercial insurance policy to AAA Auto Sales which covered the vehicles in the car dealership's inventory. This policy included a provision which provided UIM coverage. However, Heath was not specifically named as an insured under the liability provision of this policy.

On February 18, 2001, Heath was test-driving a 1994 Buick Regal automobile owned by AAA Auto Sales, when the vehicle collided with a 1987 Ford Ranger pick-up truck being driven by Eugene Skaggs. It is not disputed that Skaggs's negligence was the cause of the accident and that Heath sustained physical injuries as a result of the collision.

Approximately four months later, Heath filed a complaint in the Edmonson Circuit Court, seeking compensatory damages as a result of the injuries he sustained in the accident.[1] Heath named Skaggs and MGA Insurance as defendants. According to Heath's complaint, MGA Insurance was named as a defendant because Heath believed he might be entitled to benefits under the UIM provision of the policy issued by MGA Insurance to AAA Auto Sales.

In late 2001 Atlanta Casualty Insurance Company, the liability provider for the vehicle driven by Skaggs, settled with Heath for its policy limits in the amount of $25,000.00. Consequently, on January 31, 2002, Heath filed a notice with the trial court dismissing all of his claims against Skaggs.[2]

On January 18, 2002, Heath filed a motion for summary judgment, arguing that he was an "insured" under the UIM provision of the policy issued by MGA Insurance to AAA Auto Sales. On March 18, 2002, the trial court held a hearing regarding Heath's motion for summary judgment. Approximately one year later, on February 28, 2003, the trial court entered an order granting Heath's motion for summary judgment, after finding that Heath was "a covered insured under the insurance policy issued by MGA [Insurance] to AAA Auto Sales and is entitled to the [UIM] coverage provision of this policy." This appeal followed.

The standard of review governing an appeal of a summary judgment is well-settled. We must determine whether the trial court erred in concluding that there was no genuine issue as to any material fact and that the moving party was

1.  Heath sought damages to cover his past, present and future medical expenses, lost wages and diminished earning capacity, pain and suffering, property damage, and "miscellaneous inconvenience and expense."

2.  On December 17, 2001, Heath filed a petition for declaratory judgment, arguing, *inter alia*, that he believed he might be entitled to coverage under his own insurance policy with Geico General Insurance Company. In its order denying Heath's motion for summary judgment, the trial court ruled that Heath was not entitled to coverage under his policy with Geico, after finding that Heath had admittedly not purchased UIM coverage under his policy with Geico. Although Geico was originally named as a party to this appeal, on July 11, 2003, this Court granted Geico's motion to be dismissed as a party to this appeal, after noting that Heath did not object to Geico's motion to dismiss.

entitled to a judgment as a matter of law.[3] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] In *Paintsville Hospital Co. v. Rose*, the Supreme Court of Kentucky held that for summary judgment to be proper, the movant must show that the adverse party cannot prevail under any circumstances.[5] The Court has also stated that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor" [citation omitted].[6] There is no requirement that the appellate court defer to the trial court since factual findings are not at issue.[7] "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."[8]

■ MGA Insurance's sole argument on appeal is that the trial court erred by finding that Heath was an "insured" under the UIM provision of the policy it issued to AAA Auto Sales.[9] Specifically, MGA Insurance argues:

Heath Glass had his own automobile insurance which was in compliance with the minimum Kentucky requirements at the time of the accident giving rise to this litigation. [Heath] chose not to purchase [UIM] coverage. Under Kentucky law, [Heath] was entitled to make that choice. It is undisputed that [Heath] was a customer of AAA Auto Sales who was test-driving a vehicle that he was considering purchasing at the time of this accident. The MGA [Insurance] policy issued [to] AAA Auto Sales excludes the customers of that automobile dealership from the definition of insured.... Because [Heath] was not an insured under this policy, he is not entitled to recover [UIM] benefits under this policy [citations omitted].

We disagree with this argument and conclude that the trial court did not err by determining that Heath was a covered insured under the UIM provision of AAA Auto Sales's insurance policy. MGA overlooks the clear language of the UIM endorsement which modifies the coverage of the policy.

■ The interpretation of an insurance policy is a question of law which is subject to *de novo* review on appeal.[10] "The words employed in insurance policies, if clear and unambiguous, should be given their plain and ordinary meaning."[11] It is

---

3. *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996).

4. Kentucky Rules of Civil Procedure (CR) 56.03.

5. Ky., 683 S.W.2d 255, 256 (1985).

6. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991).

7. *Goldsmith v. Allied Building Components, Inc.*, Ky., 833 S.W.2d 378, 381 (1992).

8. *Steelvest*, 807 S.W.2d at 480.

9. In its brief to this Court, MGA Insurance notes that the portion of AAA Auto Sales's insurance policy containing the UIM provision at issue was not made a part of the record before the trial court. However, AAA Auto Sales's entire policy was made a part of the record on appeal by virtue of the parties' joint motion.

10. *Cinelli v. Ward*, Ky.App., 997 S.W.2d 474, 476 (1998).

11. *Nationwide Mutual Insurance Co. v. Nolan*, Ky., 10 S.W.3d 129, 131 (1999).

well-settled that when interpreting insurance policies, "the contract should be liberally construed and any doubts [as to coverage should be] resolved in favor of the insured."[12] Applying these principles to the insurance policy in the case *sub judice,* we hold that the trial court did not err as a matter of law by determining that Heath was "a covered insured" under the UIM provision of the policy issued by MGA Insurance to AAA Auto Sales.

The UIM provision at issue stated in pertinent part as follows:

B.  Who Is An Insured

 1.  You.

 2.  If you are an individual, any "family member."[13]

 3.  Anyone else "occupying" a covered "auto"[14] or a temporary substitute for a covered "auto."

Further, under the express terms of the policy, " '[o]ccupying' means in, upon, getting in, on, out or off."

In the case at bar, it is not disputed that Heath was driving a covered auto at the time of the accident. Thus, since Heath was "in" the car, he was "occupying" the vehicle when the collision occurred. As an "occupant" of the automobile, Heath was an "insured" under the specific terms of the UIM provision.

This interpretation of the UIM provision in question is consistent with the result reached in *Kentucky Farm Bureau Mutual Insurance Co. v. McKinney.*[15] In *McKinney,* the issue was whether the decedent was "occupying" the insured vehicle at the time of her death.[16] If the decedent were found to be an "occupant" of the insured vehicle, she would be entitled to coverage as an insured under the policy's uninsured motorist provision, even though she was not specifically named as an insured under the policy's liability provision. In finding that the decedent was an "occupant" and therefore an "insured," our Supreme Court adopted a four-pronged test for determining whether an individual is an "occupant" for purposes of collecting under an uninsured motorist provision of an insurance policy:

(1) There must be a causal relation or connection between the injury and the use of the insured vehicle;

(2) The person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) The person must be vehicle oriented rather than highway or sidewalk oriented at the time; and,

(4) The person must also be engaged in a transaction essential to the use of the vehicle at the time[.][17]

---

12.  *Davis v. American States Insurance Co.,* Ky.App., 562 S.W.2d 653, 655 (1977). *See also Eyler v. Nationwide Mutual Fire Insurance Co.,* Ky., 824 S.W.2d 855, 859 (1992)(stating that "[a]ny doubt as to the coverage or terms of a policy should be resolved in favor of the insured").

13.  As defined in the policy, " '[f]amily member' means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." At the time of the accident, Heath was approximately 26 years-old and was living in a separate household with his wife and three children.

14.  It is not disputed that the vehicle involved in the accident in question was a "covered auto" under the UIM provision.

15.  Ky., 831 S.W.2d 164 (1992).

16.  The sole issue in *McKinney* was whether the decedent could be considered an "occupant" of the insured vehicle even though she was out of the vehicle flagging traffic when she was struck and killed.

17.  *Id.* at 168. Although the Court in *McKinney* dealt with the interpretation of an uninsured motorist provision, we believe the same reasoning applies to the interpretation of a

In the instant case, all four criteria are clearly satisfied: (1) Heath's injuries were causally related to his use of the insured vehicle; (2) Heath was driving the car, thus he was within a close geographic proximity to the insured vehicle; (3) Heath, as the car's driver, was "vehicle-oriented"; and (4) Heath was test-driving the insured vehicle, thus the test-drive was a transaction essential to the use of the vehicle at the time of the accident.

Although the Supreme Court in *McKinney* was not directly confronted with the issue currently before us in the case *sub judice*, the Court in *McKinney* did recognize that an individual who was not specifically named as an "insured" under the liability provision could recover under an uninsured motorist provision as an "occupant" of the insured vehicle.[18] Accordingly, since Heath was an "occupant" of the insured vehicle, he was entitled to coverage under the UIM provision of the insurance policy issued by MGA Insurance to AAA Auto Sales.

In support of its argument that Heath should not be considered an insured under the UIM provision in question, MGA Insurance relies primarily on *Aubrey v. Harleysville Insurance Companies,*[19] and *Harden v. Monroe Guaranty Insurance Co.,*[20] in which two Courts from other jurisdictions were faced with somewhat similar factual scenarios and virtually identical policy language as in the instant case. MGA Insurance urges this Court to follow the rationales of the aforementioned cases. Specifically, MGA Insurance argues that since Heath was not named as an insured under the liability provision of the policy at issue, and was in fact, specifically excluded as an insured under that provision as a "customer" of AAA Auto Sales, he should not be entitled to coverage as an "insured" under the UIM provision. We reject this argument.

■ While it is true that Heath as a "customer" of AAA Auto Sales was specifically excluded as an insured under the liability provision of the policy in question,[21] as we discussed previously, Heath

---

UIM provision. *See* 7A Am.Jur.2d *Automobile Insurance* § 311 (2003)(noting that "[u]ninsured motorist coverage generally applies when a tortfeasor either has no insurance, or has less than the amount required by law[,]" and that "[u]nderinsured coverage generally applies when the tortfeasor has at least the amount of insurance required by law, but not enough to fully compensate the victim"). Hence, the purpose behind procuring either type of coverage is the same, *i.e.,* to compensate the insured where the tortfeasor has not provided sufficient insurance coverage.

**18.** *McKinney,* 831 S.W.2d at 168. *See also Dupin v. Adkins,* Ky.App., 17 S.W.3d 538, 543 (2000)(stating that "ASI is correct in arguing that, in some instances, Kentucky law recognizes the need for a nexus between the motor vehicle insured for UIM coverage and the person making the claim. This distinction has been made when someone other than an insured is making a claim against the insureds UIM coverage. In such cases, because

the claimants are not the insureds in the insurance policies, they must show some relationship between the claim and the motor vehicle against which they are claiming UIM benefits" [citation omitted] ).

**19.** 140 N.J. 397, 658 A.2d 1246 (1995)(interpreting similar policy language in a manner which limited the definition of an "insured" under a UIM provision to those named as insureds in the liability provision who had purchased the UIM coverage).

**20.** 626 N.E.2d 814, 820 (Ind.Ct.App.1993)(stating, in dictum, that "[b]ecause [the claimant] was not an insured under the liability provision of the policy, she was not an insured under the underinsured motorist endorsement").

**21.** The liability provision of the policy provided in relevant part as follows:

   a. The following are "insureds" for covered "autos":

falls within the definition of an "occupant" under the UIM endorsement provision. As an "occupant," Heath was also an "insured" pursuant to the express terms of the UIM provision. Where an insurance policy is "susceptible to two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted." [22] Accordingly, since Heath was an "insured" under the UIM provision in question, he was entitled to coverage and the trial court did not err by granting his motion for summary judgment on this issue.

Based on the foregoing, the order of the Edmonson Circuit Court is affirmed.

ALL CONCUR.

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

. . .

(d) Your customers, if your business is shown in the Declarations as an "auto" dealership.

It should be noted that this provision also provided for coverage up to the compulsory requirements if the customer did not have the required coverage.

22. *St. Paul Fire & Marine Insurance Co. v. Powell–Walton–Milward, Inc.*, Ky., 870 S.W.2d 223, 227 (1994).