NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0228n.06
Filed: March 24, 2009

Case No. 08-5046

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WESTPORT INSURANCE CORP., et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | WESTERN DISTRICT OF |
| v. | ) | KENTUCKY |
| | ) | |
| ENERGY FINANCIAL SERVICES, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: KENNEDY and BATCHELDER, Circuit Judges; and THAPAR, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.** The plaintiff insurance companies appeal the district court's order granting summary judgment to the defendant insureds, in which the district court determined that under the terms of the policies issued by plaintiffs, plaintiffs had a duty to defend the insureds against third-party negligence claims. We affirm.

Energy Insurance Agency ("Energy") is, among other things, a consultant in the insurance field, and often refers insurance business to other insurance agencies. As a consultant, Energy purchased an errors-and-omissions policy from Westport Insurance Corp. and a professional liability insurance policy from Employers Reinsurance Corp. Each of these policies contained exclusions, such that coverage would not be provided for insolvency or commingling. For example, the policies

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

state:

> This policy does not apply to . . . claims for . . . the commingling or use of client's funds.

> This policy does not apply to . . . any claim arising out of or in connection with the financial inability to pay, insolvency, receivership, bankruptcy or liquidation of any insurance company, any reinsurer, any pool, syndicate, association or other combination formed for the purpose of providing insurance or reinsurance.

There are two policies at issue here, but this language is representative of both.

In 2003, Lifeline Health Group ("Lifeline") hired Energy to find a company to administer health insurance to its employees. Energy recommended Consumer Health Solutions ("CHS") and Lifeline accepted this recommendation, paying CHS over $1.8 million in premiums. But CHS failed to pay the Lifeline employees' claims because, as was later discovered, a CHS principal had commingled the funds and ultimately taken the money for his own use. This misconduct rendered CHS insolvent.

Certain Lifeline employees sued Lifeline, and Lifeline brought a Third Party Complaint against Energy, claiming that Lifeline had chosen CHS because of Energy's negligence. Energy submitted a claim to its insurers (Westport and Employers), seeking legal defense. The insurers provided the legal defense under reservation of rights and filed this separate action seeking a declaratory judgment that their policies did not cover Energy because the underlying claim involved commingling and insolvency. Energy countered that, while its policies excluded coverage for its own commingling or its own insolvency, it was not Energy that had commingled any funds and become insolvent — Lifeline had sued Energy for its negligence, a claim that the insurance policies certainly covered.

The district court considered the policy language and the parties arguments and agreed with Energy. The policies, the district court found, excluded coverage for claims against the insured's

2

insolvency or commingling, but did not exclude claims for the insured's negligence in which the harm happened to be caused by a third-party's insolvency or commingling. Morever, the district court found that, even if this reading were incorrect, it was surely a plausible reading and policy language susceptible to two or more plausible readings is ambiguous and is to be construed against the drafters (Westport and Employers) and in favor of the insured (Energy), that is, in favor of coverage. Westport and Employers appealed.

We conduct a *de novo* review of the district court's grant of summary judgment. *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This case involves no genuine issues of material fact and, "where the facts are undisputed and the only issue is whether the facts meet the policy definition, only a question of law for the court is presented." *See State Auto. Mut. Ins. Co. v. Security Taxicab, Inc.*, 44 F. App'x 513, 517 (6th Cir. 2005) (citing *MGA Ins. Co., Inc. v. Glass*, 131 S.W.3d 775, 777 (Ky. Ct. App. 2004)). And, because this a diversity case, we apply the substantive law of the state of Kentucky. *See id*.

In *St. Paul Fire & Marine Insurance Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 225 (Ky. 1994), an insurance broker (PWM) recommended a particular health-insurance provider (NABT) to several of its clients. When NABT became insolvent and stopped paying claims, the clients sued PWM, claiming negligence. *Id*. PWM filed an insurance claim with its own insurer (St. Paul), based on its errors-and-omissions policy, which included two pertinent clauses: the Coverage Clause ("[St. Paul will] pay amounts [PWM is] legally required to pay to compensate others for loss that results from an error, omission or negligent act committed . . . [during the] placement of

3

insurance"); and the Exclusion Clause ("[St. Paul] won't cover claims that result from the inability of an insurance company, joint underwriting association, or any similar entity to pay all or part of insured claims."). *Id*. St. Paul relied on the exclusion to deny coverage of PWM's claim.

St. Paul sought clarification in federal court and we certified the question to the Kentucky Supreme Court. *Id*. at 224-25. The Kentucky Supreme Court determined that a literal reading put the two clauses into "patent conflict," wherein "[t]he coverage afforded by St. Paul's policy loses all effect when it becomes subservient to the exclusion." *Id*. at 226. Thus, the Kentucky Supreme Court found an alternative reading both necessary and reasonable — finding that coverage would be excluded only if the recommending third party (i.e., St. Paul's insured, PWM) did something that caused or contributed to the recommended-insurer's inability to pay. *Id*. at 226-27 ("It would seem, obviously, a relatively simple matter for St. Paul to have written its limitation expressly to exclude inability to pay, irrespective of a wrongful act [by the insured] or not."). Thus, the court concluded that the policy was "susceptible to two reasonable meanings," and, therefore, must "be resolved to afford maximum coverage." *Id*. at 226. The court determined that PWM was covered.

If we are to follow the Kentucky Supreme Court's *St. Paul* reasoning — as we are obliged to do in this diversity case — then we must read the exclusion clauses in the Westport and Employers policies as excluding coverage only if the recommending party (i.e., Energy) did something to cause or contribute to the recommended insurer's (i.e., CHS's) insolvency. *See St. Paul*, 870 S.W.2d at 226-27. And it is undisputed that Energy did nothing of the sort. Moreover, it would seem a relatively simple matter for Westport and Employers to have written their limitations expressly to exclude CHS's inability to pay, irrespective of a wrongful act by Energy. *See id*. at 226. But, they did not. The policies at issue here are no more specific than the policy in *St. Paul*.

4

Finally, Kentucky, like the majority of jurisdictions, has adopted the rule that "if there is any allegation in the complaint which potentially, possibly or might come within the coverages of the policy, then the insurance company has a duty to defend." *Simpsonville Wrecker Service, Inc. v. Empire Fire & Marine Ins. Co.*, 793 S.W.2d 825, 830 (Ky. 1989); *see also Aetna Cas. & Sur. Co. v. Com.*, 179 S.W.3d 830, 841 (Ky. 2005). And "[t]he duty to defend continues to the point of establishing that liability upon which plaintiff was relying was in fact not covered by the policy and not merely that it might not be." *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W. 2d 273, 279 (Ky. 1991). Here, the complaint alleges that Energy was negligent, a claim that — at the very least — potentially would come within the coverage of the policy.

Based on the foregoing, we **AFFIRM** the judgment of the district court.