RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0297-MR

MEGHAN TURNER                                                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 24-CI-00332

FARMERS DIRECT AND
CASUALTY INSURANCE
COMPANY                                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

EASTON, JUDGE: The Appellant, Meghan Turner ("Turner"), appeals the

dismissal of her Complaint against Farmers Direct Property and Casualty

Insurance Company ("Farmers") on her claim for underinsured motorist ("UIM")

coverage. Turner was injured while using an electric scooter. Farmers filed a

Motion to Dismiss Turner's case, claiming there was no UIM coverage for injuries

sustained by an insured while using a motor scooter. The circuit court granted the Motion to Dismiss. Upon review of the facts and applicable law, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Turner was struck by a driver who ran a stop sign as Turner was turning onto a city street. Turner was using her MacWheel Pro Electric Scooter. The parties do not contest what the scooter is: a standup electric-powered scooter with a top speed of 15.6 mph and powered by a lithium-ion battery. Turner was injured. She settled her personal injury claim against the driver, but her claimed damages exceeded his liability insurance limits.

Turner then sought to recover UIM benefits from her insurer, Farmers. Her policy ("the Policy") with Farmers contracts to pay UIM benefits to an insured who is legally entitled to recover damages from an underinsured driver. But there are exceptions. Specifically, under Part II – Uninsured/Underinsured Motorist Coverage, D.7., the Policy excludes UIM coverage for:

> 7. Bodily injury sustained by an insured person while using or occupying any:
>
>> a. Motorcycle;
>>
>> b. Motorbike;
>>
>> c. Motor scooter;
>>
>> d. Motorized bicycle; or
>>
>> e. Any other similar motorized vehicle.

-2-

The term "motor scooter" is not defined in the Policy.

Farmers acknowledged receipt of Turner's claim for UIM benefits. A claims adjuster asked Turner's counsel: "We understand that this incident involved our insured riding either a scooter or a moped??" The claims adjuster took a recorded statement from Turner regarding the accident. During her statement, Turner stated she was riding a standup battery-powered scooter. Farmers eventually denied Turner's UIM claim because she was injured while using a motor scooter.

Turner then filed a Complaint in the Fayette Circuit Court against Farmers with the following counts: 1) a demand for UIM Benefits; 2) violation of Kentucky's Unfair Claims Settlement Practices Act; 3) violation of Kentucky's Consumer Protection Act and 4) Negligent Training and Supervision. Counts 2-4 were premised on Farmers' reliance upon its UIM motor scooter exclusion to deny Turner's claim.

Farmers filed its Motion to Dismiss the Complaint under CR[1] 12.02(f) for failure to state a claim upon which relief may be granted. Farmers' motion asserted the Policy specifically excludes payment of UIM benefits to an insured injured while using a motor scooter. A hearing on the motion was held on March 1, 2024.

---

[1] Kentucky Rules of Civil Procedure.

The circuit court entered a tendered Order of Dismissal with Prejudice granting Farmers' Motion to Dismiss. The circuit court found, which no one disputes, that Turner was using an electric-powered scooter during the accident. The circuit court concluded that the Policy "specifically excludes payment of UIM benefits to an insured who sustains injury while riding a motor scooter." Because the circuit court believed that the electric scooter was a motor scooter, the circuit court dismissed the Complaint. This appeal followed.

**STANDARD OF REVIEW**

For purposes of a CR 12.02 motion,[2] we must accept Turner's factual allegations as true and draw all reasonable inferences in her favor. *Hardin v. Jefferson Cnty. Bd. Of Educ.*, 558 S.W.3d 1, 5 (Ky. App. 2018). Whether the circuit court correctly dismissed an action under CR 12.02 is a question of law. *Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky. 2011) (overruled on other grounds by *Maggard v. Kinney*, 576 S.W.3d 559 (Ky. 2019)). Therefore, we will review this matter *de novo*. *Id.*

---

[2] Consideration of undisputed items attached to pleadings does not necessarily convert a motion to dismiss into one for summary judgment. *See Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 563-64 (Ky. App. 2017). Even if the Order in this case may have been considered as one for summary judgment, there was no genuine issue of material fact. The wording of the terms in the Policy is not disputed, and there is no question that the electric scooter used by Turner had a motor. No additional discovery was needed to establish these facts.

-4-

# ANALYSIS

Turner argues the circuit court erred in granting the Motion to Dismiss as the plain meaning of the term "motor scooter" does not encompass low-speed electric scooters such as the one she operated. "To ascertain the construction of an insurance contract, one begins with the text of the policy itself." *Pryor v. Colony Ins.*, 414 S.W.3d 424, 430 (Ky. 2013).

Since most insurance policies are contracts of adhesion, courts recognize the doctrine of ambiguity. *Woodson v. Manhattan Life Ins. Co. of New York, N.Y.*, 743 S.W.2d 835, 838 (Ky. 1987). Clear and unambiguous terms in insurance policies should be given their plain and ordinary meaning. *Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129, 131 (Ky. 1999). When a term is not defined within an insurance policy, it is defined by its ordinary meaning. *American Mining Ins. Co. v. Peters Farms, LLC*, 557 S.W.3d 293, 296 (Ky. 2018) (citing *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.,* 306 S.W.3d 69, 74 (Ky. 2010)). In the absence of ambiguities, courts will enforce the terms of an insurance policy as drawn. *Pryor*, *supra*, at 430.

Turner notes that Webster's Dictionary differentiates between "scooter" and "motor scooter." According to the Merriam-Webster Online Dictionary, the term "scooter"[3] is defined as follows:

> 1. a: a vehicle ridden usually while standing that consists of a narrow footboard mounted between or atop two wheels tandem, that has an upright steering handle attached to the front wheel, and that is moved by pushing with one foot[.]
>
> b: a similar vehicle propelled by an electric motor[.]
>
> 2: MOTOR SCOOTER[.]
>
> 3: a single-person vehicle ridden while seated that usually has three or four wheels and an open body framework, is typically propelled by an electric motor, and is used especially by those with impaired mobility[.]

"Motor scooter"[4] is separately defined as "a 2- or 3-wheeled motorized vehicle that has a low seat and a bottom platform for resting the feet."

Even though the Merriam-Webster definition of scooter includes motor scooter, Turner contrasts the characterization of a "motor scooter" as having a seat with her standup scooter without a seat. Turner then argues the existence of separate dictionary definitions for the terms "scooter" and "motor scooter" means

---

[3] MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/scooter (last visited Nov. 15, 2024).

[4] MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/motor%20scooter (last visited Nov. 15, 2024).

her low-speed electric scooter cannot be defined as a "motor scooter" under the Policy.

The phrase "motor scooter" may indeed include the type ridden by the user in a seated position. The definition offered by Turner even suggests a motor scooter example of those used by persons with limited mobility. But our examination of the phrase indicates its frequent use as a synonym for any number of conveyances, all the way from foot powered to the sit-down variety. A simple Google search permits us to note other dictionary definitions illustrating this:

> 1. a light two-wheeled open motor vehicle on which the driver sits over an enclosed engine with legs together and feet resting on a floorboard.
>
> any small, light, vehicle able to travel quickly across water, ice, or snow.
>
> "a snow scooter"
>
> 2. a vehicle typically ridden as a recreation, consisting of a footboard mounted on two wheels and a long steering handle, propelled by resting one foot on the footboard and pushing the other against the ground.

What is the Definition of Motor Scooter, GOOGLE, www.google.com.

Turner also relies on the following definition contained in KRS[5] 186.010(24):

"Motor scooter" means a low-speed motorcycle that is:

---

[5] Kentucky Revised Statutes.

> (a) Equipped with wheels greater than sixteen (16) inches in diameter;
>
> (b) Equipped with an engine greater than fifty (50) cubic centimeters;
>
> (c) Designed to operate at a speed not to exceed fifty (50) miles per hour;
>
> (d) Equipped with brake horsepower of two (2) or greater; and
>
> (e) Equipped with a step-through frame or a platform for the operator's feet[.]

According to Turner, her scooter wheels are roughly half the size listed in this statute. The engine power for her scooter is measured in wattage versus cubic capacity. Turner thus argues her scooter cannot be considered a "motor scooter" as thus defined under Kentucky law.

Further, Turner points out an electric low-speed scooter is not considered a "vehicle" or "motor vehicle" under KRS 189.010(19)(b)(9). These definitions are irrelevant to the question presented by this case. Turner confuses the definition of vehicles subject to other laws, including mandatory liability insurance, with the permissible exclusions for optional UIM insurance.

Turner also argues that Exclusion D.7.c. (excluding injuries sustained by an insured while using a motor scooter) and Exclusion D.7.e. (excluding injuries sustained by an insured while using "[a]ny other similar motorized vehicle") must be read in tandem. Turner believes that Exclusion D.7.e. implies

the entirety of Exclusion D.7 only applies to "vehicles," which her scooter was not by statutory definition applicable to liability insurance requirements. Thus, Turner argues her scooter might be a "motor scooter" but not a "vehicle" under the Policy, and the overall exclusion does not apply.

We do not find this convoluted argument persuasive. Exclusion D.7.c stands on its own. Exclusion D.7.e does not apply if D.7.c applies.

The term "motor scooter" in Exclusion D.7.c. of the Policy is not ambiguous. Competing dictionary definitions and synonyms used by the public do not create an ambiguity in this case. "When all else is said and done, common sense must not be a stranger in the house of the law." *Cantrell v. Kentucky Unemployment Ins. Commission*, 450 S.W.2d 235, 237 (Ky. 1970). Turner was using a scooter, and the scooter had a motor: it was a "motor scooter." The circuit court properly held that UIM coverage for Turner was excluded by the Policy.

Turner still argues that her use of a form of conveyance not meeting any certain contractual or statutory definition does not diminish her eligibility for UIM benefits. Turner cites *Dupin v. Adkins*, 17 S.W.3d 538 (Ky. App. 2000). According to *Dupin*, "UIM coverage must apply to persons injured while not in motor vehicles, including pedestrians and others utilizing non-motor vehicles." *Id.* at 543. Yet this Court in that same case also recognized UIM coverage is personal to the insured and not connected to any particular vehicle. *Id.* (citation

-9-

omitted).  "UIM is personal insurance which must follow the insured regardless of whether the insured is injured as a motorist, a passenger in a private or public vehicle, or a pedestrian, <u>and is only limited by the actual, valid exclusions of each insurance policy</u>."  *Id.* (emphasis added).

In *Preferred Risk Mutual Insurance Co. v. Oliver*, 551 S.W.2d 574 (Ky. 1977), a motorcycle passenger was killed in an accident after being thrown from an uninsured motorcycle.  Her parents then sought recovery under the uninsured motorist ("UM") clause of their automobile policy.  Their insurer denied the claim as the applicable policy excluded injuries "sustained by any person while occupying any motorcycle, motorized scooter, motorized bicycle, snowmobile or any other similar motorized vehicle."  *Id.* at 575.  The parents then filed suit against the insurer, contending the "motorcycle exclusion" conflicted with the UM statute and was thus void.  *Id.* at 576.  The circuit court allowed recovery.

On appeal, the Kentucky Supreme Court reversed and remanded.  The court noted "that policy provisions in derogation of statutory requirements are invalid."  *Id.*  UM and UIM coverage are not required.  The court then recognized that, in enacting the UM statute, "the General Assembly did not presume to write an uninsured motorist policy but only gave a general outline of the coverage required."  *Id.* at 577.  The court stated the extent of the statute's general outline of required coverage may be limited by reasonable "terms and conditions" found in

-10-

the policies of various insurance carriers. *Id.* (citation omitted). The court ultimately found the "motorcycle exclusion" to be reasonable due to the risk and danger inherent in riding a motorcycle. *Id.*

While the *Oliver* case involved UM benefits, not UIM benefits, the two coverages serve the same purpose and follow the same pattern. *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 898 (Ky. 1993) ("While the wording of the UIM statute is different from that of the UM statute, we can discern no fundamentally different insurance arrangement from that provided for under the UM statute."). We believe Farmers' motor scooter exclusion is reasonable. Turner's scooter provided no protection from traffic and certainly presents a different risk than a traditional motor vehicle. Turner was vulnerable to the risks of the road while riding her motor scooter.

Turner then argues an ambiguous or misapplied term such as "motor scooter" cannot be interpreted to defeat an insured's reasonable expectations. The doctrine of reasonable expectations is a corollary to the rule for construing ambiguities. *Woodson*, *supra*, at 838. The reasonable expectation doctrine "is based on the premise that policy language will be construed as laymen would understand it[.]" *True v. Raines*, 99 S.W.3d 439, 443 (Ky. 2003) (citation omitted). This doctrine applies only to policies with ambiguous terms that can have two or more reasonable interpretations. *Id.* When such an ambiguity exists,

the ambiguous terms should be interpreted "in favor of the insured's reasonable expectations." *Id.* (citation omitted). Thus, the interpretation favorable to the insured is adopted. *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 226 (Ky. 1994). However, nonexistent ambiguities should not be utilized to resolve a coverage dispute against the company. *Id.* "We consider that courts should not rewrite an insurance contract to enlarge the risk to the insurer." *Id.* at 226-27.

The reasonable expectation doctrine is inapplicable in this case because we find no ambiguity in the Policy excluding bodily injury sustained by an insured person while using a motor scooter. *See True*, *supra*, at 443 ("Only actual ambiguities, not fanciful ones, will trigger application of the doctrine."). Whatever expectations Turner may have had regarding UIM coverage contained in the Policy are irrelevant in the face of the unambiguous "motor scooter" exception.

Turner's final argument is that the circuit court erred by denying her request, after the circuit court's oral ruling on the motion at the very end of the March 1, 2024, hearing, for additional briefing time to illustrate that substantially similar UIM Motorcycle Exclusions have never been applied to exclude injuries arising from low-speed electric scooters. Turner cites no law holding that the circuit court abused its discretion by not granting her more time. There was ample

-12-

time to brief this issue before the March 1, 2024, hearing.  The circuit court did not err by not allowing Turner more time to continue the argument.

## CONCLUSION

The circuit court did not err in finding Turner was using a motor scooter when she was injured.  The court also did not err in finding no coverage for Turner's UIM claim due to the motor scooter exclusion in the Farmers policy.  Because Farmers correctly applied the exclusion, the other claims in the Complaint must also fail.  The Order of the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kenneth C. Human
Gregory M. Funfsinn
Lexington, Kentucky

BRIEF FOR APPELLEE:

Barry M. Miller
David T. Cecil
Lexington, Kentucky