Bobby R. MUNCY, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

No. 2002–SC–0255–MR.

Supreme Court of Kentucky.

April 22, 2004.

Emily Holt, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Carlton S. Shier, Assistant Attorney General, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice STUMBO.

This matter-of-right criminal appeal arises from a judgment of the Harlan Circuit Court, which imposed a twenty-year sentence against Appellant, Bobby R. Muncy, following his conviction on various drug charges.

Late on the night of June 24, 2000, Officers Shawn Bryant, Dale Halcomb, Bill Howard, and John Teagle of the Harlan City Police Department traveled to Appellant's residence in order to execute a search warrant. Upon arriving at Appellant's residence, two of the officers knocked on the front door and announced themselves as the police. There was no immediate response. However, one of the officers, through a window, observed Appellant reaching down into the cushions of his sofa. The officers had received prior information that Appellant kept a firearm in that location. The officers then forced their way into the residence and ordered Appellant to lie on the floor. Appellant complied with the order and was subsequently arrested.

The officers conducted a search of the premises. Inside the sofa cushions, the officers recovered prescription bottles containing pills. A loaded shotgun hidden in the sofa was recovered as well. In addition, a glass vial that appeared to contain cocaine residue was recovered from Appellant's kitchen along with razor blades and other prescription narcotics.

Following a jury trial, Appellant was convicted of first-degree trafficking in a controlled substance (oxycodone), first-degree possession of cocaine, third-degree trafficking in a controlled substance (alprazolam), and third-degree possession of a controlled substance (carisoprodol), all of which were perpetrated while in possession of a firearm. Appellant was sentenced to a prison term of twenty years. He therefore brings this appeal as a matter of right. Ky. Const. § 110(2)(b).

Appellant presents the following assignments of error: I. whether Appellant was prejudiced by evidence of trafficking charges pending in other indictments; II. whether the trial court committed error by defining the term "quantity," with regard to cocaine residue, to the jury; III. whether the trial court committed error when it failed to grant Appellant's motion for a directed verdict; and IV. whether Appellant was substantially prejudiced by comments made by the prosecuting attorney during closing argument.

After considering the errors alleged and reviewing the record on appeal, we affirm.

### I.

■ Within approximately twenty-four hours prior to Appellant's arrest and the search of Appellant's residence pursuant to a warrant, Officer Bryant of the Harlan City Police conducted two undercover

"buys" where he purchased illegal prescription narcotics from Appellant. The buys partly served as the basis for procuring a warrant to search Appellant's residence. In two separate indictments, Appellant was charged with trafficking offenses in connection with the aforementioned buys. The separate indictments are not at issue in the present matter as the charges stemming from such were neither consolidated nor tried with the charges from which Appellant currently appeals.

During direct examination, Appellant's defense counsel asked Appellant if he was cognizant of the drugs that were found concealed in his sofa cushions. Appellant claimed that he had no knowledge of those drugs. (It should be noted that Appellant did testify that some of the prescription drugs found in his house could have belonged to him; however, he specifically denied any knowledge of the drugs found hidden in the sofa cushions.) Essentially, Appellant was implying that the police had planted the drugs or otherwise framed him. On cross-examination, the Commonwealth sought to introduce evidence related to the two undercover buys conducted by Officer Bryant. Appellant objected to the introduction of this evidence. The trial court determined that the undercover buys could be introduced because Appellant had opened the door to cross-examination on the subject.

Appellant now contends that he did not open the door to the undercover buys. We disagree.

We observe that it would typically be improper for the Commonwealth or a testifying witness to refer to the undercover buys as Appellant was not being tried for such conduct. However, when Appellant stated on direct that he possessed no knowledge of the drugs found in the sofa and basically implied that the police had

set him up, he necessarily opened the door to the issue. Neither the Commonwealth nor any of the police witnesses testifying for the Commonwealth referenced or made mention of the previous buys until after Appellant asserted he had no knowledge of the drugs seized from the cushions of his sofa.

■ Appellant also argues that the introduction of the undercover buys prejudiced the jury against him and thus should have been excluded pursuant to KRE 404(b). Again, we disagree.

■ KRE 404(b) provides:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

A trial court has the discretion to allow other instances of misconduct to be admitted so long as the evidence is "relevant, probative and the potential for prejudice does not outweigh the probative value of such evidence." *Parker v. Commonwealth*, Ky., 952 S.W.2d 209, 213 (1997), *cert. denied*, 522 U.S. 1122, 118 S.Ct. 1066, 140 L.Ed.2d 126 (1998). Moreover, we will not reverse a trial court's decision regarding the admission of evidence absent a clear abuse of discretion. *Simpson v. Commonwealth*, Ky., 889 S.W.2d 781, 783 (1994).

Here, the evidence regarding the undercover buys was admissible pursuant to KRE 404(b)(1) in order to demonstrate Appellant did in fact have knowledge of the drugs recovered from the sofa. This evidence additionally demonstrates Appel-

lant's intent to sell the drugs. *See Walker v. Commonwealth*, Ky., 52 S.W.3d 533 (2001). Further, we find no abuse of discretion on the part of the trial judge, as the probative value of the undercover buys was not substantially outweighed by any undue prejudicial effect. *See* KRE 403. Under the circumstances, we believe it was necessary to present the evidence of the undercover buys so the jury could consider the entire case.

In our view, it is manifest that Appellant opened the door to the information related to the undercover buys when he testified that he had no knowledge of the drugs recovered from the cushions of his sofa. As such, for the reasons heretofore stated, we find no error.

## II.

■ During its deliberation, the jury asked the trial court to define the term "quantity" with regard to the cocaine possession charge and also asked if "residue" was applicable thereto. The trial judge responded by relaying to the jury what he considered to be the legal definition of quantity under the circumstances of the instant case. The following was stated to the jury by the judge: "[Q]uantity is any discernable amount which under the circumstances of the particular case is of such a nature to satisfy a juror beyond—a jury of one's peers—beyond a reasonable doubt that it is being possessed illegally." The judge then asked the members of the jury if they understood his definition and then proceeded to reiterate the definition to them. He stated "[q]uantity is any discernable amount which when applied to the circumstances of the case that you've heard is sufficient to persuade you as a juror beyond a reasonable doubt that the substance—if any found—is being used illegally."

Appellant primarily believes that the trial court's definition of quantity as "any discernable amount" went much further than simply answering a question of law. Appellant asserts that the question asked by the jury was one of fact to only be determined by the jury. Therefore, he claims the trial judge abused his discretion in giving the above definition. We disagree.

It is quite clear that the trial court was answering a question of law, not a question of fact. While the definition given by the trial court may not have come directly from a legal text and was given orally to the jury in violation of RCr 9.54(1), we do not believe that it unduly impacted Appellant's rights. In *Commonwealth v. Shivley*, Ky., 814 S.W.2d 572 (1991), we determined that cocaine residue found in a test tube and pipe was sufficient to support a charge of cocaine possession. Here, the vial containing cocaine residue was sufficient to support Appellant's conviction. Consequently, Appellant's contention that he may not have been convicted of cocaine possession absent the quantity definition is without merit. Any error concerning this issue was undoubtedly harmless in this case. RCr 9.24.

## III.

■ For his third allegation of error, Appellant asserts that the trial court should have directed a verdict in his favor due to insufficient establishment of the chain of custody in the drug evidence seized from his residence. He claims that there exists a discrepancy in the accounts given by the various law enforcement officers who testified on the Commonwealth's behalf at trial.

■ The evidence at issue consists of drugs that were recovered by the police during the search of Appellant's residence. Drugs, of course, are evidence which is not

clearly identifiable or distinguishable, as is for instance, a gun. With regard to such substances, "it is unnecessary to establish a perfect chain of custody or to eliminate all possibility of tampering or misidentification, so long as there is persuasive evidence that 'the reasonable probability is that the evidence has not been altered in any material respect.'" *Rabovsky v. Commonwealth*, Ky., 973 S.W.2d 6, 8 (1998) (quoting *United States v. Cardenas*, 864 F.2d 1528, 1532 (10th Cir.1989), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989)). Furthermore, a gap in the chain of custody usually goes "to the weight of the evidence rather than to its admissibility." *Id.* There is nothing present in this case indicating that the substances admitted into evidence at trial were any different than the substances that were found and collected by the police at Appellant's residence. Consequently, the reasonable probability is that the evidence at issue has not been tampered with or changed in any fashion. We have examined the record and, under the circumstances, believe that the chain of custody was sufficiently established. Every officer that participated in the search testified. The location from which each item of evidence was recovered was identified and the manner in which each item was tagged for identification was described. The manner in which the evidence was kept secure until transferred to the Kentucky State Police Crime Lab was explained, as was the testing and return to the police department. All of these steps were subject to cross-examination.

Appellant also claims error in the failure of Henry Hayes, the chemist of the Kentucky State Police Crime Lab who testified at trial, to inform the jury of the methods he used to identify the assorted drugs recovered from Appellant's residence. However, Appellant never raised this issue during cross-examination of the witness at trial. As such, it is not properly preserved for our review. Nevertheless, Appellant submits that this is an instance of palpable error. We cannot agree. No manifest injustice resulted from defense counsel's failure to object to the testimony of Hayes. There was no error, palpable or otherwise.

Applying the directed verdict test as set forth in *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991), we hold that it was not clearly unreasonable for the jury to find Appellant guilty of the charges brought against him. Accordingly, the trial court did not commit reversible error when it denied Appellant's motion for a directed verdict.

## IV.

Finally, Appellant alleges error in comments made by the prosecuting attorney during closing argument. This issue is not properly reserved for appellate review, but nonetheless, Appellant seeks review under RCr 10.26.

Having reviewed the prosecutor's comments, we are unable to conclude that said comments affected Appellant's substantial rights. Even if the comments were determined to be erroneous, the error, if any, was nonprejudicial. Accordingly, we conclude that review pursuant to the palpable error rule is not warranted.

Wherefore, for the above reasons, the judgment of the Harlan Circuit Court is hereby affirmed.

All concur.