RENDERED: AUGUST 12, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1474-MR
AND
NO. 2020-CA-1584-MR

SEAN MARTIN     APPELLANT

APPEALS FROM JEFFERSON CIRCUIT COURT
v.     HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 18-CR-003689

COMMONWEALTH OF KENTUCKY     APPELLEE

OPINION
AFFIRMING APPEAL NO. 2020-CA-1474-MR
VACATING AND REMANDING
APPEAL NO. 2020-CA-1584-MR

** ** ** ** **

BEFORE: CALDWELL, TAYLOR, AND L. THOMPSON, JUDGES.

TAYLOR, JUDGE: Sean Martin brings Appeal No. 2020-CA-1474-MR from an

October 12, 2020, Judgment of Conviction and Sentence of Probation and brings

Appeal No. 2020-CA-1584-MR from a November 10, 2020, Order, and a

November 16, 2020, Restitution Order rendered by the Jefferson Circuit Court. We affirm Appeal No. 2020-CA-1474-MR. We vacate and remand Appeal No. 2020-CA-1584-MR.

On August 14, 2018, Officer Aimee Mills, of the Louisville Metro Police Department, initiated a traffic stop of a tan Toyota Corolla driven by Martin. During the traffic stop, Officer Mills ran the license plate number which revealed the plate had been issued for a blue Toyota Corolla rather than a tan one. Officer Mills then ran a check of the vehicle identification number (VIN). The VIN revealed that the vehicle belonged to a Brittany Williams and had been reported stolen the previous day. Upon being informed that the vehicle had been reported stolen, Martin told Officer Mills he had borrowed the vehicle from a friend, Jessica Hardesty. Martin was placed under arrest.

On December 13, 2018, Martin was indicted by a Jefferson County Grand Jury upon receiving stolen property over $500 but less than $10,000, criminal mischief in the first degree, obscuring the identity of a machine over $500 but less than $10,000, operating a motor vehicle on a suspended license, failure to have motor vehicle insurance, operating a vehicle without a license, disregarding a traffic-control device, and operating a vehicle with expired registration.

A jury trial was conducted on November 22, 2019. After close of the evidence, Martin made a motion for a direct verdict of acquittal. The trial court

granted the motion for directed verdict as to the charge of failure to have motor vehicle insurance and dismissed same. The trial court denied the motion for directed verdict as to the remaining charges. Following the jury trial, Martin was found guilty of receiving stolen property over $500 but less than $10,000, criminal mischief in the third degree, and operating a vehicle on a suspended license. Martin was acquitted upon the remaining charges. By Judgment of Conviction and Sentence of Probation (Judgment) entered October 12, 2020, the trial court sentenced Martin to two-years' imprisonment probated for a period of five years.

Martin thereupon filed a notice of appeal (No. 2020-CA-1474-MR) in the Court of Appeals from the October 12, 2020, Judgment.

The trial court held a hearing upon restitution and ordered Martin to pay restitution to Williams. By Order entered November 10, 2020, and by Restitution Order entered November 16, 2020, Martin was ordered to pay restitution in the amount of $1,704.82. Martin then filed a notice of appeal (No. 2020-CA-1584-MR) therefrom.[1]

We shall initially address Appeal No. 2020-CA-1474-MR and subsequently Appeal No. 2020-CR-1584-MR.

---

[1] Because these appeals are related and arise from the same conviction, for judicial economy, this Court has considered the appeals together.

Martin's first argument on appeal is that the trial court erred by denying his motion for a directed verdict upon the charge of criminal mischief. Martin asserts there was insufficient evidence that he caused any damage to Williams' vehicle. In support thereof, Martin contends that there was no direct evidence that he was the individual that caused damage to Williams' vehicle. More particularly, Martin argues that "[w]ithout proof of how the damages were caused and who caused them, the jury could not reasonably infer that Mr. Martin was guilty of any degree of criminal mischief." Martin's Brief at 6.

A directed verdict of acquittal is proper when a reasonable juror could not find a defendant guilty of the essential elements of the offense beyond a reasonable doubt. *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). When considering the motion, all reasonable inferences from the record must be viewed in a light most favorable to the Commonwealth. *Id.* Any questions regarding weight and credibility of testimony must be reserved for the jury. *Id.* Our review proceeds accordingly.

Martin was indicted upon criminal mischief in the first degree. The jury was instructed upon criminal mischief in the first degree, as well as the lesser included offenses of criminal mischief in the second degree and criminal mischief

in the third degree.[2]  Martin was convicted upon criminal mischief in the third

degree.

Criminal mischief in the third degree is codified at Kentucky Revised

Statutes (KRS) 512.040 and provides, in relevant part:

> (1) A person is guilty of criminal mischief in the third
>   degree when:
>
>   (a) Having no right to do so or any reasonable ground
>     to believe that he or she has such right, he or she
>     intentionally or wantonly defaces, destroys, or
>     damages any property causing pecuniary loss of
>     less than five hundred dollars ($500)[.]

KRS 512.040(1)(a).

It is well-established "that the Commonwealth can prove all the

elements of a crime by circumstantial evidence." *Commonwealth v. Goss*, 428

S.W.3d 619, 625 (Ky. 2014) (citing *Commonwealth v. O'Conner*, 372 S.W.3d 855,

857 (Ky. 2012)).  Therefore, "[d]irect proof . . . is not necessary." *Id.* at 625.  And,

when a trial court refuses to grant a motion for directed verdict, "an appellate court

should not reverse unless 'it would be clearly unreasonable for a jury to find

guilt.'" *Goss*, 428 S.W.3d at 625-26 (quoting *Benham*, 816 S.W.2d at 187).

---

[2] Criminal mischief in the first degree, second degree, and third degree are codified at Kentucky Revised Statutes (KRS) 512.020, KRS 512.030, and KRS 512.040, respectively.  These offenses are essentially identical except for the amount of monetary damage to the property causing pecuniary loss.  First-degree criminal mischief involves damage that results in a loss of $1,000 or more.  Second-degree criminal mischief involves damage that results in a loss of $500 or more but less than $1,000.  Third-degree criminal mischief involves damage that results in a loss of less than $500.

At trial, the Commonwealth introduced uncontroverted evidence that Martin was driving the vehicle that Williams had reported stolen the previous day and there was substantial damage to the vehicle. There was also evidence presented that a screwdriver had been forced into the ignition to start the vehicle, and Martin did not have keys to the vehicle. A false license plate had been affixed to the vehicle, the windshield was cracked, and the passenger door lock was damaged. Several of Martin's personal belongings were also found inside the vehicle. Although the Commonwealth did not introduce any direct evidence that Martin caused damage to the vehicle, it certainly could be inferred from these facts that Martin caused at least some damage to the vehicle. His operation of the vehicle was dependent upon a screwdriver inserted in the ignition.[3] As direct evidence is not necessary for a conviction, and circumstantial evidence was certainly presented upon which a reasonable jury could infer that Martin caused damage to the stolen vehicle, it was not clearly unreasonable for the jury to find Martin guilty of criminal mischief in the third degree. *See Goss*, 428 S.W.3d at 625. Therefore, we believe Martin's assertion that the trial court erred by denying his motion for a directed verdict of acquittal upon criminal mischief in the third degree is without merit.

---

[3] The damage for repair of the vehicle's ignition totaled $318.

Martin next contends that the trial court erred in its jury instructions upon criminal mischief in the third degree and that such error violated his constitutional right to a unanimous verdict as protected by the Sixth Amendment to the United States Constitution and Section 7 of the Kentucky Constitution. In support thereof, Martin asserts that the jury instructions upon criminal mischief were too vague. As a result, Martin believes it was impossible to determine the exact damage to the vehicle upon which the jury based its conviction for criminal mischief in the third degree. In other words, it cannot be determined if the jury based its verdict on the damage to the ignition, the windshield, or the passenger door lock.

Section 7 of the Kentucky Constitution mandates that a unanimous verdict be reached by a jury of twelve persons in a criminal trial. *Wells v. Commonwealth*, 561 S.W.2d 85, 87 (Ky. 1978) (citations omitted). And, the United States Supreme Court has held that the Sixth Amendment's unanimity requirement applies to state criminal trials. *Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020). A flawed jury instruction only implicates the constitutional mandate of unanimity where "it is reasonably likely that some members of the jury actually followed the erroneously inserted theory in reaching their verdict." *Travis v. Commonwealth*, 327 S.W.3d 456, 463 (Ky. 2010). And, there must exist a

"reasonable possibility" the jury was misled before the constitutional unanimity is violated. *Id.*

In the case *sub judice*, the instruction given to the jury upon criminal mischief in the third degree[4] provides:

> [Y]ou will find the Defendant, Sean Martin, guilty of Criminal Mischief in the Third Degree under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A.   That in this county on or about 14th day of August 2018 and before the finding of the Indictment herein, the Defendant intentionally or wantonly damaged a vehicle which belonged to Brittany Williams, AND
>
> B.   That he had neither a right to do so nor any reasonable ground to believe that he had such a right;
>
> If you find the Defendant guilty under this Instruction, you will say so by your verdict and no more. There will be a further proceeding at which you will determine the punishment.

In support of Martin's theory, he relies upon *Harp v. Commonwealth*, 266 S.W.3d 813, 821 (Ky. 2008) for the proposition that "failing to include basic evidentiary identification or distinguishing characteristics [in a jury instruction]

---

[4] The jury instructions upon criminal mischief in the first degree and second degree were identical to the instruction given upon criminal mischief in the third degree except for the monetary values involved as previously discussed and as set forth in each of the relevant statutes, KRS 512.020, KRS 512.030, and KRS 512.040.

-8-

can be misleading and can also cause a unanimity problem." Martin's Brief at 10.

In *Harp*, the defendant was charged with seven separate counts of sexual abuse. Each of the seven jury instructions was identical and did not contain any "identifying characteristics" to differentiate one act of sexual abuse from another. *Harp*, 266 S.W.3d at 818. The *Harp* Court found this to be error. *Id.* However, the court went on to explain:

> Our precedent does not support a conclusion that a trial court is required to include any identifying evidentiary detail in instructions in which a defendant is charged with only one count of an offense. *See Bell* [*v. Commonwealth*, 245 S.W.3d 738, 744 (Ky. 2008)] ('When the evidence is sufficient to support multiple counts of the same offense, the jury instructions must be tailored to the testimony in order to differentiate each count from the others.')[.]

*Harp*, 266 S.W.3d at 821 n.25 (emphasis omitted).

The facts in *Harp* are clearly distinguishable from the facts in the case *sub judice*. In *Harp*, there were multiple counts of the same offense, whereas, in this case, Martin was charged with only one count of criminal mischief even though the jury was instructed upon criminal mischief in the first degree, and the lesser included offenses of criminal mischief in the second degree and criminal mischief in the third degree. As Martin was only indicted upon one count of the offense, the trial court was not required to include any "identifying characteristic"

-9-

of the evidentiary details in the jury instructions. *See Harp*, 266 S.W.3d at 821. Thus, we perceive no error in this regard.

Martin also asserts that the trial court erred in its instruction to the jury upon criminal mischief in the third degree by including language that Martin could have acted either "intentionally" or "wantonly" in causing damage to the vehicle. Martin specifically asserts that there was no evidence to support the inclusion of the alternative theory that Martin acted "wantonly" in damaging Williams' vehicle.

This precise issue was addressed by this Court in *Buchanan v. Commonwealth*, 399 S.W.3d 436 (Ky. App. 2012). In *Buchanan*, the jury instruction upon first-degree assault was a "combination" instruction that included both "wanton" and "intentional" language. *Id.* at 442. The *Buchanan* Court noted that a defendant must be convicted of an offense by a unanimous verdict. *Id.* However, the Court went on to hold "that a 'combination' instruction permitting a conviction of the same offense under either of two alternative theories does not deprive a defendant of his right to a unanimous verdict *if there is evidence to support conviction under either theory*." *Id.* at 442 (quoting *Miller v. Commonwealth*, 77 S.W.3d 566, 573-74 (Ky. 2002) (emphasis added)).

In the case *sub judice*, there was certainly evidence presented to support a conviction under either theory – wanton or intentional. Martin was the

-10-

only person identified as occupying the vehicle after it was stolen, and there was damage to the ignition, the windshield, and the passenger door. It was obvious that Martin had inserted a screwdriver in the ignition to start the vehicle. That evidence alone could support an act that was either intentional or wanton. Furthermore, Martin's act of driving through the red traffic light in a stolen vehicle demonstrates a disregard for the vehicle and could also be viewed as both wanton and intentional. Therefore, we do not believe it was unreasonable for the jury to believe that Martin acted either intentionally or wantonly in damaging the vehicle. Thus, we reject Martin's contention that the trial court erred by including both wanton and intentional conduct in the jury instruction upon criminal mischief in the third degree.

Martin next asserts that the trial court abused its discretion by failing to answer a question presented to the trial court by the jury during deliberations. The jury sent a question to the court after deliberations began regarding Instruction No. 1, Receiving Stolen Property Over $500 But Less than $10,000.

Instruction No. 1 provided, as follows:

You will find the Defendant, Sean Martin, guilty of Receiving Stolen Property Over $500 But Less than $10,000 under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in the county on or about the 14th day of August 2018 and before the finding of the

Indictment herein, the Defendant had possession of a vehicle that belonged to Brittany Williams;

B. That said vehicle had been stolen from Brittany Williams and the Defendant knew or had reason to believe that it had been stolen when he had possession of it;

C. That he did not have possession of the vehicle with the intention of restoring it to its rightful owner;

AND

D. That when the Defendant had possession of the vehicle, it had a value of $500 or more.

If you find the Defendant guilty under this Instruction, you say so by your verdict and no more. There will be a further proceeding at which you will determine his punishment.

After the jury began its deliberations, it sent the trial court the following question:

When deciding upon instruction one, do we assess the value at the time of receipt of the stolen property, or the value at which the property was taken from the victim?

The trial court responded, "You have received all the instructions in the case." The jury ultimately found Martin guilty of receiving stolen property over $500.00.

It is well-settled that a trial court's decision to answer a question presented by the jury is reviewed for an abuse of discretion. *Beard v. Commonwealth*, 581 S.W.3d 537, 544 (Ky. 2019) (citing *Muncy v.*

*Commonwealth*, 132 S.W.3d 845, 848 (Ky. 2004)).  An abuse of discretion occurs where the court's decision on an issue is arbitrary, unreasonable, or in a manner that is not supported by sound legal principles.  *Beard*, 581 S.W.3d at 544 (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

In this case, the jury specifically asked the court whether to assess the value of the property when it was taken from the victim or when the stolen property was received.  The court declined to answer the question and merely referred the jury to the instructions given in the case.  Thus, the trial court provided no information beyond what was provided in the jury instructions.  We cannot find this to be an abuse of discretion.  If an error occurs in regard to a question posed by the jury, such an error occurs "from the court advising the jury as to such matters" and not in refusing to answer the question.  *See Collett v. Commonwealth*, 686 S.W.2d 822, 824 (Ky. App. 1984).  Therefore, we do not believe the trial court abused its discretion by refusing to answer the question posed by the jury, and we find no merit in Martin's contention regarding same.

Martin finally contends that the trial court erred by allowing the Commonwealth to play Officer Mills' body camera video from the traffic stop and subsequent arrest.  Martin specifically alleges the video should have been excluded as inadmissible pursuant to Kentucky Rules of Evidence (KRE) 404(b).  In support of his claim, Martin asserts that his reference in the video to a possible "traffic

warrant out of Hardin County" and recently getting "all his stuff resolved in Jefferson County" resulted in prejudice and, thus, was inadmissible.

When reviewing a trial court's ruling upon admission or exclusion of evidence, the proper standard is abuse of discretion. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000) (citations omitted). An abuse of discretion occurs if the trial court's decision to admit or exclude evidence is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *English*, 993 S.W.2d at 945. And, the admissibility of the type of evidence at issue here is governed by KRE 404(b), "Other Crimes, Wrongs, or Acts."

KRE 404(b) provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence may be admissible, however, if it is "offered for some other purpose such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" or if "so extricably intertwined with the other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party." KRE 404(b). And, the Kentucky Supreme Court has fashioned a three-prong inquiry to assess "the admissibility of prior bad acts evidence under KRE 404(b), which includes examining the relevance, probativeness, and prejudice

associated with the prior crime." *Benjamin v. Commonwealth*, 266 S.W.3d 775, 791 (Ky. 2008) (citing *Bell v. Commonwealth*, 875 S.W.2d 882, 889 (Ky. 1994)).

In the case *sub judice*, we believe the trial court did not abuse its discretion and that the evidence at issue satisfies the three-prong analysis set forth in *Benjamin*, 266 S.W.3d at 791. One of the charges Martin was indicted upon was operating on a suspended license. Martin's statements on Officer Mills' body camera video regarding his "traffic warrant" and court history were relevant to demonstrate Martin had knowledge that his driver's license was suspended and to demonstrate the absence of any mistake regarding same. The body camera video evidence in this instance was both relative and probative to the indicted charge of operating on a suspended license.

We also do not believe the evidence was unfairly prejudicial. The jury ultimately recommended that Martin receive only a fine and not any jail time for the offense of driving on a suspended license. This tends to indicate the jury was not unfairly prejudiced. Martin's comments on the body camera video were also very brief, lasting only a few seconds. We do not believe that the admission of the brief comments Martin made on the body camera video were improper and reject Martin's assertion to the contrary.

Martin asserts that the trial court erred by ordering $1,704.82 in restitution. Martin argues that the Commonwealth failed to prove that the $1,704.82 in damages to Williams' vehicle were caused by his criminal conduct. Rather, Martin maintains that the purchase and replacement of a ball joint, struts, and brake pads were not the result of any criminal activity on his part. Martin contends that these items were improperly included as restitution. Additionally, Martin points out that the Commonwealth only presented evidence of $1,686.13 in damages to Williams' vehicle. Martin believes that the trial court further erred by failing to render specific findings of fact to support $1,704.82 in restitution.

It is well-established that due process mandates that the trial court conduct an adversarial hearing and that it must make findings of fact as to restitution based upon reliable evidence. *Jones v. Commonwealth*, 382 S.W.3d 22, 31 (Ky. 2011). Such an adversarial hearing upon restitution falls within the ambit of Kentucky Rules Civil Procedure (CR) 52.01; however, the trial court's duty to make findings of fact is also constitutionally mandated. *Brinson v. Commonwealth*, 571 S.W.3d 593, 600 (Ky. App 2018). So, "when calculating restitution a record of written or recorded findings as to the evidence relied upon and reason for establishing the amount of restitution is both warranted and necessary[.]" *Brinson*, 571 S.W.3d at 600. Consequently, it is incumbent upon the

trial court to "expressly" set forth its findings of fact in an order regarding restitution. *Id.*

In this case, these are two orders regarding restitution in the record – a November 10, 2020, Order and a November 16, 2020, Order. Neither order sets forth any findings of fact as to the evidence relied upon or the reasoning to support the ordered $1,704.82 in restitution. This constitutes reversible error. *Brinson*, 571 S.W.3d at 600.

We, therefore, vacate the November 10, 2020, Order and the November 16, 2020, Restitution Order and remand for the trial court to hold a hearing upon restitution. Following the hearing, the trial court shall set forth findings of fact delineating the evidence relied upon and conclusions of law for establishing damages for which Martin is ordered to pay as restitution.[5]

We view any remaining contentions of error as moot or without merit.

For the forgoing reasons, Appeal No. 2020-CA-1474-MR is affirmed, and Appeal No. 2020-CA-1584-MR is vacated and remanded for proceedings consistent with this Opinion.

---

[5] Upon remand, the trial court should also be cognizant that generally restitution is limited to damages caused by crimes for which a defendant was convicted by a jury. *Commonwealth v. Morseman*, 379 S.W.3d 144, 152 (Ky. 2012). If, upon remand, the trial court orders restitution, the trial court should also include findings of fact and conclusions of law as to the causal connection between Martin's crimes and the damages underlying the ordered restitution.

-17-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jazmin P. Smith
Assistant Appellate Defender
Louisville Metro Public Defender's
Office
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Christopher B. Thurman
Louisville Metro Public Defender's
Office
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky